THE STATE OF OHIO, APPELLEE, *v.* LIVINGSTON, APPELLANT█

[Cite as State v. Livingston (1976), 53 Ohio App. 2d 195.]

(No. L-75-188—Decided February 6, 1976.)

*Mr. Anthony G. Pizza,* for appellee.
*Mr. William F. Hayes,* for appellant.

WILEY, J.  Defendant appeals from sentencing after she pleaded guilty to a charge of the cruel abuse of a child resulting in serious physical harm, in violation of R. C. 2919.22(B)(1).  The court suspended the imposition of the sentence of not less than two nor more than five years and probated the defendant upon the conditions that she serve thirty days in the county jail, cooperate fully with the childrens services board and that "the defendant not have another child during the five year probationary period."

The appellant placed her seven month old child on a space heater, causing second degree burns on six to seven per cent of the child's body.  At the time of sentencing, the appellant was 20 years of age, unmarried, with an T. Q. substantially below 100, and the question was raised as to whether or not she was pregnant, but no determination was factually made.  At the time of the hearing on appeal, it

was determined that she was pregnant and probably had been at the time of sentencing.

The defendant assigns the following as error:

1. "The condition of probation that the Appellant not have a child for a period of five (5) years is in violation of her constitutional right of privacy and is therefor void and of no effect."

2. "The condition of probation that the Appellant not have a child for a period of five (5) years is void and of no effect due to its noncompliance with the standards which are required of conditions of probation."

For the reasons hereinafter stated, we find both assignments well taken.

R. C. 2929.51 authorizes the trial court to suspend sentence and place an offender on probation pursuant to R. C. 2951.02. Subsection (C) of the latter provides:

"When an offender is placed on probation, it shall be at least on condition that, during the period of probation, he shall abide by the law, and not leave the state without the permission of the court or his probation officer. In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, and compliance with such additional requirements shall also be a condition of the offender's probation."

In exercising a recognized broad discretion in setting additional conditions of probation, the trial court is not free to impose arbitrary conditions that significantly burden the defendant in the exercise of her liberty and bearing only a remote relationship to the crime for which she was convicted and to the objectives sought by probation of education and rehabilitation.[2]

The courts' discretion in dictating conditions of probation is not limitless. See e. g. *United States* v. *Strada*

---

[2]The American Bar Association standards for criminal justice relating to probation, Approved Draft, 1970, Section 3.2 (B) specifically provides that conditions on probation should be reasonably related to the rehabilitation of a defendant and should not be unduly restrictive of his liberties or so vague or ambiguous as to give no real guidance.

(D. C. Mo., 1974), 393 F. Supp. 19; *People v. Dominguez* (1967), 256 Cal. App. 2d 623, 64 Cal. Rptr. 290; *Williams v. State* (Tex. Crim. App. 1975), 523 S. W. 2d 953. The defendant must not be oppressed or unduly burdened by a condition upon which sentence is suspended. *State v. Simpson* (1975), 25 N. C. App. 176, 212 S. E. 2d 566. Reasonableness is the test of the propriety of the conditions of probation. *State v. Barklind* (1975), 12 Wash. App. 818, 532 P. 2d 633. In addition to being unconstitutional, such restriction prohibiting the bearing of children is an unreasonable burden to place on an already pregnant woman. See *Doe v. Bolton* (1973), 410 U. S. 179 and *Griswold v. Connecticut* (1965), 381 U. S. 479, regarding constitutionality; *State v. Caudle* (1970), 276 N. C. 550, 173 S. E. 2d 778; *cf. Fuller v. Oregon* (1974), 417 U. S. 40; *State v. Hess* (1975), 12 Wash. App. 787, 532 P. 2d 1173.

A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid. In *People v. Dominguez, supra,* a condition of probation that defendant was not to become pregnant without being married was held to be void since the 20 year old defendant's future pregnancy was unrelated to the conviction of second-degree robbery and her future pregnancy had no reasonable relationship to future criminality. The court in that case found:

"Both implicit and explicit in this record is the court's motivation in imposing the challenged condition of probation: The motive was to prevent the appellant from producing offspring who might become public charges. The burden upon the taxpayers to maintain illegitimate children at the public expense is a grave problem, but a court cannot use its awesome power in imposing conditions of probation to vindicate the public interest in reducing the welfare rolls by applying unreasonable conditions of probation. The interest of the public in saving money for the taxpayers is by no means the same thing as the public interest

in the reformation and rehabilitation of offenders." (256 Cal. App. 2d 628, 64 Cal. Rptr. at 294.)

Our finding one of the conditions of probation to be invalid does not affect the other valid conditions of probation. *State* v. *Hess, supra*; *People* v. *Dominguez, supra*; 21 American Jurisprudence 2d 535, Criminal Law, Section 566.

On consideration whereof, the court finds that the defendant was prejudiced by the conditions of probation and the judgment of the Lucas County Court of Common Pleas is modified to the extent that the condition of probation that the appellant not have a child for a period of five years is void and of no effect. As modified, the judgment of such court is affirmed and this cause is remanded for further proceedings in accordance with law.

*Judgment affirmed as modified.*

POTTER, P. J., and COLLER, J., concur.

WILEY, J., retired, and COLLER, J., retired from the Court of Common Pleas of Wood County, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.