THE STATE OF OHIO, APPELLEE, *v.* MAYNARD, APPELLANT.

(No. WD-88-23—Decided December 16, 1988.)

*Betty D. Montgomery,* prosecuting attorney, for appellee.
*Louis Jacobs,* for appellant.

*Per Curiam.* This appeal arises from the March 18, 1988 judgment of the Wood County Court of Common Pleas which modified appellant's, Rose Maynard's, conditions of shock probation.

On appeal, appellant asserts a single assignment of error:

"The court below erred by imposing, in violation of the First Amendment to the United States Constitution, a blanket prohibition of all contact by a prisoners' rights activist with the Department of Rehabilitation and Correction or any of its agencies or institutions on behalf of any prisoner or release[e] other than herself as a condition of probation upon conviction of obstructing justice."

The record discloses that appellant had previously been found guilty of obstructing justice, a felony of the fourth degree, by hindering the apprehension of Ken Maynard, her husband, who had committed a felony while absent without permission from a reintegration center. Appellant was thereafter sentenced to imprisonment for a term of one and one-half years. The court later granted appellant's motion for shock probation upon certain conditions. Appellant objected to several of the conditions on the grounds that they were unconstitutional infringements upon her rights of free speech, association, and petitioning of the government for redress. Another hearing was held, and the court modified the conditions. Appellant continues to contend, however, that one of the conditions infringes upon her constitutional rights. The condition at issue is that appellant is restricted from contacting the Department of Rehabilitation and Correction, or its related agencies, on any prisoner's behalf except her own. The court imposed this restriction for purposes of rehabilitation and to limit the possibility of the recurrence of similar criminal conduct.

Appellee, the state, contends that this restriction was necessary because appellant's obsession with seeking her husband's release clouded her perspective of reality and perpetuated her subsequent criminal conduct. Appellant, on the other hand, argues that this condition is remotely related to her crime and is unfounded.

R.C. 2951.02(C) governs the conditions the court may impose when granting shock probation under R.C. 2947.061. Ultimately, the court may impose whatever restrictions it deems necessary "[i]n the interests of doing

justice, rehabilitating the offender, and insuring his good behavior." R.C. 2951.02(C). Such restrictions, however, cannot be overly broad so as to unnecessarily impinge upon the person's liberty. The test for determining whether a particular condition is unreasonable was articulated by this court in *State* v. *Livingston* (1976), 53 Ohio App. 2d 195, 7 O.O. 3d 258, 372 N.E. 2d 1335. In that case, we invalidated a probation condition which prohibited a woman convicted of child abuse from having any children during her five-year probation. In so doing, we held that:

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid." *Id.* at 197, 7 O.O. 3d at 259, 372 N.E. 2d at 1337.

The relationship between the crime and the probation condition in the present case is even more attenuated than that found in *Livingston*. We cannot find in the record any evidence which would lead us to conclude that appellant's prisoner-rights activities or her contacts with the Department of Rehabilitation and Correction played a role in appellant's later criminal conduct of assisting her husband in evading the police. While appellant may have influenced the Department of Rehabilitation and Correction as to her husband's rehabilitation program, the department was ultimately responsible for overseeing Mr. Maynard's conduct.

We find, therefore, that this condition of probation bears no relationship to the crime committed or to future criminal conduct. Furthermore, since the prohibited activity is not illegal, the requirements of *Livingston* have not been met. Thus, we find that this was an unreasonable condition of probation and appellant's sole assignment of error is found well-taken.

Wherefore, the judgment of the Wood County Court of Common Pleas is modified pursuant to App. R. 12(B) to eliminate, as a condition of probation, Item No. 3, which reads as follows:

"3. Defendant shall refrain from contacting the Department of Rehabilitation and Correction or any of its agencies or institutions on behalf of any prisoner or release[e] other than herself."

This case is remanded to the trial court for execution of judgment. Pursuant to App. R. 24, the costs of this appeal shall be paid by appellee.

*Judgment accordingly.*

HANDWORK, P.J., CONNORS and RESNICK, JJ., concur.