## Columbus v. Harmon
*[Cite as 7 AOA 392]*

*Case No. 89AP-1412*
*Franklin County, (10th)*
*Decided September 27, 1990*

*Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor and Thomas K. Lindsey, for Appellee.*

*James Kura, Public Defender and John W. Keeling, for Appellant.*

HAYES, J.,

On July 7, 1989, the appellant was arrested and charged with public indecency, a violation of the Columbus City Code Section 2307.06, a misdemeanor of the fourth degree. On September 11, 1989, the appellant entered a plea of no contest to an amended charge or disorderly conduct, also a fourth degree misdemeanor.

A pre-sentence investigation was ordered by the trial court and the appellant was subsequently sentenced to thirty days in the county jail. Twenty-five of those days, however, were suspended and the appellant was placed on probation for a three-year period.

In addition to the so-called "regular" rules of probation, certain "special" rules of probation and conditions were imposed on the appellant. As one of the "special" conditions of probation, the appellant was ordered "*** not to operate any motor vehicle except as authorized by written court order. ***." (Tr. 6.) It is from that "special" condition of probation that the appellant files this appeal.

Appellant assigns the following as error:

"The trial court erred when it suspended the defendant's driving privileges and ordered him not to operate a motor vehicle as a condition for probation imposed as part of a sentence for a conviction of disorderly conduct."

For his sole assignment of error, appellant states that the trial court erred when it suspended his driving privileges and ordered him not to operate a motor vehicle as a condition of probation imposed as part of a sentence for a conviction of disorderly conduct.

The appellant presents this court with a two-pronged argument in support of his position. He first argues that prohibiting him from operation of a motor vehicle as a requirement of probation is in contravention of statute and violates the constitutional doctrine of separation of powers. In addition, appellant argues that even if the trial court had the power to impose such a condition, it would be unreasonable and overly broad in its application to him.

The appellant first suggests that only penalties provided by law can be imposed for the commission of a statutorily defined offense and cites R.C. 4507.16 as the statutory scheme providing authority for the suspension and revocation of driving privileges.

An examination of the provisions of R.C. 4507.16, however, shows the section pertains primarily to the *mandatory* suspension of driving privileges following the commission of certain offenses. It has no relationship to the court's authority to impose conditions of probation deemed to be "in the interest of justice." In fact, R.C. 4507.16 does not exhaust the license suspension possibilities which a court may impose. Municipal courts routinely suspend driving privileges for a variety of offenses contained in R.C. Chapter 4511 which are not mentioned in R.C. 4507.16.

This court recognizes appellant's argument that the trial court is trying to "back door" a penalty through probation that would not be permissible as punishment for the offense, but we do not agree that a trial court is statutorily prohibited from imposing a driving ban as a term of probation.

This court, therefore, finds the first prong of appellant's argument not persuasive. As the second prong of his argument, appellant suggests that the "special" condition of probation ordering the appellant not to operate a motor vehicle was unreasonable and overly broad in its application.

To determine the correctness of this argument, we must examine R.C. 2951.02(C) which provides certain general conditions for the trial court to follow in preparing a probation order. R.C. 2951.02(C) provides in pertinent part:

"*** In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, *** [and] [c]ompliance with the additional requirements shall also be a condition of the offender's probation ***."

This court interpreted R.C. 2951.02(C) in *State v. Owens* (Nov. 21, 1978), Franklin App. No 78AP-374, unreported (1978 Opinions 3214), as follows:

"This section empowers the trial court with rather broad discretionary powers in relation to the specific conditions which it may impose upon a given defendant as a probationer depending upon the facts and circumstances of the given matter. Although a trial court may not impose arbitrary and offensive conditions, which would significantly burden the defendant in the exercise of his liberty and those that would bear only a remote relationship to the crime committed, and bear little or no relationship to the probation objectives of the education and rehabilitation of the defendant, still a court may exact reasonable conditions ***." *Id.* at 3217. Cf. *Tabor v. Maxwell* (1963), 175 Ohio St. 373.

The authority, therefore, of a trial court to impose conditions of probation, while broad, is not unlimited. If, indeed, the purposes of probation include the education and rehabilitation of the defendant, the terms of probation should bear some relationship to the crime committed. See *State v. Jones* (1990), 49 Ohio St. 3d 51, at 52-53.

In *State v. Maynard* (1988), 47 Ohio App. 3d 76, at 76-77, the court held:

"R.C. 2951.02(C) governs the conditions the court may impose when granting shock probation under R.C. 2947.061. Ultimately, the court may impose whatever restrictions it deems necessary '[i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior. R.C. 2951.02(C). Such restrictions, however, cannot be overly broad so as to unnecessarily impinge upon the person's liberty. ***."

The court, therefore, must look at the "special" condition of probation in relationship to its effect on the appellant's liberty and its relationship to the potential education and rehabilitation of the appellant.

The appellant was charged with the fourth degree misdemeanor of indecent exposure but, through prosecutorial agreement, was permitted to plead to the fourth degree misdemeanor of disorderly conduct. He was then placed on probation. One would hope that appellant's rehabilitation program would be more directed to the problems stemming from the indecent exposure than to the vagaries of disorderly conduct.

There is no question that appellant's inability to operate a motor vehicle has a detrimental effect on his liberty. It is, however, minor when compared to the disruption of a thirty-day jail term, there being no question that the trial court had the authority to impose such sentence. Therefore, the "special" condition of probation is a relatively minor disruption of the exercise of appellant's liberty and is certainly not an abuse of the trial court's discretion.

However, this court must also look at the relationship of the probation restriction to the crime committed and to the education and rehabilitation of the appellant.

It is true that the appellant exposed himself while sitting in an automobile. It is unlikely, however, that the automobile was a contributing factor in the creation of appellant's urge to expose himself.

This court, having examined all of the facts and circumstances available, finds no rational relationship between the appellant's operation of a motor vehicle and the education and rehabilitation of the appellant for an offense of indecent exposure. While the trial court noted defendant's problem with alcohol and automobiles, nothing in the present record suggests alcohol involvement in this offense. For that reason, this court finds appellant's assignment of error to be well-taken and this case is remanded to the trial court for action consistent with this opinion.

*Judgment reversed and cause remanded.*

BOWMAN and BRYANT, J.J., concur.

HAYES, J., of the Portage County Common Pleas Court, sitting by assignment in the Tenth Appellate District.