## State v. Sutley
*[Cite as 8 AOA 673]*

*Case No. 90-A-1495*
*Ashtabula County, (11th)*
*Decided December 14, 1990*

*Kyle B. Smith, Conneaut Law Director, City Hall, Conneaut, Ohio 44030, for Plaintiff-Appellee.*

*Joseph A. Humpolick, Ashtabula County Public Defender, 4632 Main Avenue, Ashtabula, Ohio 44004, for Defendant-Appellant.*

FORD, J.

This is an appeal from a judgment entry which set the terms and conditions of appellant's probation.

On September 29, 1989, appellant was charged in Conneaut Municipal Court with one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. Appellant's ball was set at $1,000 under the ten percent rule. A condition of the bail was that he attend and reside at the Turning Point Residential Treatment Center for his drug and alcohol problems. Appellant left the center before his attending period was completed and was thereafter re-arrested.

The court found that he had violated the terms of his bail which was then reset at $25,000 cash and was subsequently amended allowing a ten percent deposit.

On November 22, 1989, appellant posted bond and pleaded guilty to the amended charge of menacing in violation of R.C. 2963.22, which is also a fourth degree misdemeanor. In addition, appellant admitted to violating the terms of his initial bail.

The court imposed a jail term, gave appellant credit for seven days already served, and suspended the remainder of the sentence. The court placed appellant on probation subject to various terms and conditions. Appellant's motion to modify the terms and. conditions of his probation was granted. As a result of the hearing that arose from the motion, the court modified some of appellant's restrictions and ordered a two year, probation as follows:

"Appellant must:

"1) refrain from having any contact with Wendy Blakeslee, the alleged victim of his actions, or any child sibling or parent of Blakeslee.

"2) remain law abiding for two years.

"3) remain outside the Northeast quadrant of Conneaut.

"4) pay $900 in monthly installments of $100 on the revoked bond of $1,000."

Also, the court held that all other restrictions in the first judgment entry remain in effect.

Appellant appeals, raising the following assignments of error:

"1. The trial court abused its discretion when it ordered William Sutley to pay the entire sum of a revoked bond as a condition of probation.

"2. The trial court abused its discretion when it ordered William Sutley to be on probation for two (2) years for violation of a fourth degree misdemeanor.

"3. The trial court abused its discretion when it ordered William Sutley to stay out of that part of Conneaut, Ohio that is north of Interstate 90 and east of State Route 7 (also known as Mill Street) as a condition of probation.

"4. The trial court abused its discretion when it ordered William Sutley to stay away

from Wendy Blakeslee as a condition of probation."

In appellant's first assignment of error, he argues that the court abused its discretion by ordering as a condition of probation that appellant pay the entire sum of a previous bond whose terms of bail he violated.

Before addressing appellant's issue, it behooves this court to address the propriety of a particular condition of bail set by the trial court. At the initial appearance, the court, after setting bail at $1,000 under the ten percent rule, imposed an additional condition of bail on appellant, which was that he attend and reside at a treatment center. Appellant attended, and shortly thereafter, left the center; a bench warrant was issued for appellant's arrest due to his failure to comply with the terms and conditions of his release from jail.

Crim. A. 46(A) provides:

"The purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. All persons are entitled to bail, except in capital cases where the proof is evident or the presumption great."

Crim. R. 46(C) and (D) sets forth a range of conditions which may be imposed prior to an accused's release from custody.

The clear import of these provisions is to assure that the accused appears at all necessary hearings and trial. Also, they provide for restrictions when it appears that the individual may pose a threat to himself or others. Such restrictions are usually on the person's travel, place of abode, or associations. Crim. R. 46(C)(2) and (D).

Frequently, such provisions are employed in domestic violence cases where, in addition to bail, the court issues temporary protection orders pursuant to R.C. 2919.26, as a pretrial condition of release. See, *State v. Dawson* (Oct. 18, 1979), Franklin App. No. 79AP-565, unreported; *State v. Naegele* (Nov. 19, 1980), Clermont App. No. 920, unreported.

More common are cases in which the court places conditions on the release and requires that the person remain in the state, or a restricted area within the state, pending trial.

Whatever the nature of the case, invariably the restrictions are directly related to the alleged crime or pertain to securing the accused's appearance at trial.

In the case at bar, however, the court's requirement that appellant attend a rehabilitation center as a pretrial condition of release is only remotely related to the crime. Moreover, such criterion is penal in nature because it lends itself inappropriately to indulging in either predetermining or presuming guilt of the target charge, either in part or entirely, in connection with the conclusion that a given defendant is in need of rehabilitation, and that the lack of such therapy has some direct relationship to the crime charged. It may or may not. We are not unmindful that such considerations may be premised on sympathetic and salutory opinings, but because they are so frequently tied to the fabric of the criminal charges and the ultimate judgmental exercise in guilt or innocence, they are premature when intertwined with bail determinations.

This court holds that the imposed condition is an unreasonable and inappropriate criterion of bail, and that it does not comport with the dictates of Crim. A. 46.

Accordingly, since the condition of bail itself was improper, the resulting forfeiture proceeding for the alleged violation of that condition was also invalid.

Therefore, since the record indicates that appellant appeared at all of his scheduled hearings, a forfeiture action under R.C. 2937.35 was never triggered. Consequently, there was no basis upon which to revoke his bond; and therefore, he is not now obligated to pay any portion of the initial bond. Appellant's first assignment is well taken.

Having a common basis in law and fact, appellant's third and fourth assignments will be considered simultaneously and prior to appellant's second assignment of error.

In appellant's third and fourth assignment, he argues that the conditions of probation requiring him to stay away from the alleged victim and the northeast quadrant of Conneaut constitutionally infringe on his right to free association and travel.

R.C. 2951.02(C) governs the conditions the court may impose when granting probation:

"When an offender is placed on probation or his sentence is otherwise suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, the probation or other suspension shall be at least on condition that, during the period of probation or other sus-

pension, he shall abide by the law and not leave the state without the permission of the court or his probation officer. In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender. *** Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension."

The court's discretion in dictating conditions of probation is not limitless. *State v. Livingston* (1976), 53 Ohio App. 2d 195, 196.

The test for determining whether a particular condition is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," was articulated in *Livingston, supra.*

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid." *Id.* at 197.

This test was fostered in *State v. Jones* (1990), 49 Ohio St. 3d 51. In *Jones, supra,* the appellant was convicted on multiple counts of contributing to the unruliness or delinquency of a minor. He contended that the condition of his probation that restricted his association or communication with persons under the age of eighteen years, was too broad and violated his rights to privacy.

However, the Supreme Court held that: "*** the condition of probation relating to the association and communication with minors was reasonably related to rehabilitating Jones, without being unduly restrictive. Moreover, the condition, rationally interpreted, relates to the crime of which Jones was convicted, namely, contributing to the unruliness or delinquency of a child. Although the condition does not directly relate to conduct which is in itself criminal, it does reasonably relate to future criminality and serves the statutory ends of probation." *Id.* at 53.

In the case *sub judice,* the restrictions imposed on appellant are far less restrictive than those ordered in *Jones, supra.*

For instance, appellant was charged with one count of domestic violence against Wendy Blakeslee, the victim. The court restricted appellant from associating with only the alleged victim and her family, as opposed to a larger class of people as in *Jones, supra.*

It is absurd for appellant to argue that the restriction of association and of his movement in the northeast quadrant of the city has no relationship to the crime to which he pleaded guilty, or has no connection to future criminality or serves no statutory ends. It is undisputed that the violation with which he was initially charged and entered a plea of guilty involved the harassment or attempted assault on the alleged victim who lives in the northeast quadrant of Conneaut. It is apparent from the record that the charge of domestic violence against the alleged victim was not an isolated incident. In fact, as appellee pointed out (without objection), "the offense that was finally charged was actually a culmination of several different incidents that occurred *** not only at the residence of Wendy Blakeslee, not only at her place of employment, but throughout Conneaut."

Therefore, the conditions of restricting appellant's association and limiting his travel in Conneaut have a direct relationship to the crime of which appellant was found guilty, and it also reasonably relates to the prevention of future criminality, since the court imposed the restrictions for the purposes of rehabilitating appellant and reducing the possibility of the reoccurrence of similar conduct. These conditions should help facilitate the court's goals. The criteria established in *Jones, supra,* are couched in sound considerations of reasonableness. The conditions imposed by the trial court here are not excessively restrictive or stringent.

As noted, in *Jones, supra:*

"***[t]his may be an interference to a degree with Mills' freedom of movement and freedom of choice of places he goes and associates he keeps, yet this is totally in accordance with the concept expressed in *People v. Mason* (1971), 5 Cal 3d 759, 764-765 (97 Cal. Rptr. 302, 488 P. 2d 630), which held a person by reason of his conviction of a public offense enjoys a reduced expectation of privacy." *Id.* (Citations omitted).

The third and fourth assignments are without merit.

In appellant's second assignment, he maintains that the court abused its discretion by imposing a two year probation when the violation was only a fourth degree misdemeanor.

The foregoing rationale regarding the court's discretion in imposing whatever limitations it deems necessary applies to this assignment as well.

Moreover, R.C. 2951.07 specifically states: "Probation under section 2951.02 of the Revised Code continues for such period as the judge or magistrate determines, and may be extended. The total period of probation shall not exceed five years."

Therefore, it is not difficult to ascertain that the length of probation up to five years is completely within the court's discretion. The court, however, did, on appeal, attempt to determine whether reducing the length of probation was warranted. After discerning that appellant had previously violated parole on two occasions (particularly being in the wrong state), the court decided that the length of probation should remain in effect.

This assignment is not well taken.

For the foregoing reasons, the judgment of the trial court is reversed as to the first assignment of error and remanded to the trial court to vacate its entry of forfeiture and installment payment procedure consistent with this opinion. The judgment of the trial court is affirmed as to the second, third, and fourth assignments of error.

MAHONEY, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., Ret., Eleventh Appellate District Sitting by Assignment.