OPINION
This appeal is taken by defendant-appellant James R. Hicks from the judgment entered by the Court of Common Pleas of Logan County granting him judicial release, suspending his sentence and placing him on community control.
On October 12, 1998 James Hicks was indicted by the Logan County Grand Jury for the offenses of aggravated burglary and assault. On January 11, 1999 the assault charge was dismissed and the indictment was amended accordingly. That same day Hicks entered a plea of guilty to the remaining aggravated assault charge. On February 16, 1999 the trial court sentenced Hicks to a term of fifteen months in the Ohio Department of Rehabilitation and Corrections.
On April 8, 1999 Hicks filed a motion for judicial release. At a hearing conducted on May 17, 1999, the trial court granted the motion for judicial release, suspended the remainder of his sentence and placed Hicks on community control for a period of five years, subject to several specific sanctions and conditions. It is the substance of those conditions that are the basis of this appeal.
Hicks presents several assignments of error on this appeal. However, because the first assignment of error is dispositive, this Court will address it first:
 The trial court erred in imposing as a condition of appellant's community control that he must seek his probation officer's permission regarding hair-style and body artistry, in that the condition has no relationship to the crime committed, relates to conduct that is not itself illegal, and forbids conduct which is not reasonable related to future criminality.
Hicks claims the trial court erred when it imposed a requirement that his probation officer approve of hair-style and "body artistry" as a condition of his community control. At the outset we observe that the trial court has broad discretion to determine the conditions of probation. R.C. 2951.02. Specifically, R.C. 2951.02(C) provides that:
 * * * in the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension.
The court's discretion in imposing conditions of probation is not without limit. State v. Livingston (1976), 53 Ohio App.2d 195,372 N.E.2d 1335. The conditions imposed by the trial court cannot be so overly broad as to impinge on the constitutional rights of the probationer. State v. Maynard (1988), 47 Ohio App.3d 76,547 N.E.2d 409.
To determine if the trial court has indeed abused its discretion the appellate courts should consider whether the condition has a relationship to the crime for which the offender was convicted, whether the condition relates to conduct which is not in itself criminal and whether the condition requires or forbids conduct which is not reasonably related to future criminality or does not serve the statutory ends of probation.State v. Jones (1990), 49 Ohio St.3d 51; State v. Livingston
(1976), 53 Ohio App.2d 195.
The record reveals that Hicks was convicted of aggravated assault. Therefore we consider whether or not the challenged condition of probation is related to the crime of aggravated assault. The record before this court does not disclose any reason why Hicks' hairstyle or body artistry might possibly be related to his crime of aggravated assault. In fact, all the record does disclose is that Hicks acted upon an emotional misunderstanding with his sister.
The state suggests, however, that hairstyle and body artistry are indeed related to the crime of aggravated assault. For "[i]t is well known that tattoos and body piercing are obtained by adult males for purposes of making themselves appear macho and fierce looking." We cannot take judicial notice of such a speculative and tenuous connection of cause and effect, however. Thus, we have no basis for holding that Hicks' crime of aggravated assault is in anyway related to the condition of his probation requiring approval from his probation officer regarding hairstyle and body artistry.
The state has failed to provide evidence in the record connecting the crime of aggravated assault to the challenged probation condition and none is self-evident. Therefore, we conclude that the trial court abused its discretion by imposing this probation condition upon Hicks. Appellant's Assignment of Error No. 1 is sustained.
Having sustained the first assignment of error on statutory grounds as taught by the settled law announced by the Supreme Court in State v. Jones (1990), 49 Ohio St.3d 51, we do not reach the federal constitutional issues suggested by Assignments of Error 2 and 3.
Further, in view of the disposition of Assignments 1, 2 and 3, Assignment of Error No. 4 is moot.
The judgment of the Court of Common Pleas of Logan County is reversed and the cause is remanded for further proceedings not inconsistent with the judgment entered herein.
Judgment reversed and cause remanded.
HADLEY and WALTERS, JJ., concur.