JOURNAL ENTRY AND OPINION
The within appeal arises from the sentence imposed by the Bedford Municipal Court upon defendant-appellant John Wallace ("appellant") following his conviction for disorderly conduct, a violation of Chagrin Falls Codified Ordinance 509.03A.
The record demonstrates that on May 17, 1998, appellant was charged with assault in violation of Village of Chagrin Falls Codified Ordinance 537.03. On October 30, 1998, pursuant to an agreed plea arrangement, appellant withdrew his previously entered plea of not guilty and entered a plea of no contest to an amended charge of disorderly conduct, a violation of Village of Chagrin Falls Ordinance 509.03A. On November 6, 1998, the court journalized its finding of guilt and imposed sentence in pertinent part as follows: "* * * Defendant fined $500.00 and Costs and sentenced to 30 days; days suspended provided defendant has no contact with victim either personally by phone, fax, e-mail or otherwise for one year. Defendant may not be within village of Chagrin Falls for one year or days to be imposed. One year inactive probation."[1]
Appellant timely appealed and advances a single assignment of error for our review.[2]
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY BANISHING THE APPELLANT FROM THE VILLAGE OF CHAGRIN FALLS FOR ONE YEAR.
In this appeal, appellant challenges only the condition of his probation by which the trial court ordered him not to be within the Village of Chagrin Falls for a period of one year, asserting that such restriction is contrary to public policy and deprives him of his constitutionally protected rights to travel, of freedom of association and to be free of cruel and unusual punishment and mandates reversal. The state, on the other hand, argues that the trial court's order demonstrates a valid exercise of judicial authority intended to protect the "victim" of appellant's offense.
Initially, we note that appellant's claim of reversible error in his assignment of error is misplaced in this appeal because the finding of one of the conditions of probation to be invalid does not affect the other valid conditions of probation imposed.State v. Livingston (1976), 53 Ohio App.2d 195, 198,372 N.E.2d 1335.
Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. R.C. 2951.02
(C)(1)(a) mandates that an offender who has been convicted of a misdemeanor and who has been placed on probation must abide by the law and must not leave the state without permission of the court or the offender's probation officer. In addition, the statute permits the court to impose additional conditions of probation and provides: "* * * [i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *."
However, the court's discretion in imposing conditions of probation is not limitless. Livingston, supra at 196-197. A criminal defendant, however, need not forfeit a constitutional freedom as a condition of probation. Id. Such restrictions cannot be so overly broad so as to impinge upon the person's liberty.State v. Maynard (1988), 47 Ohio App.3d 76, 77, 547 N.E.2d 409. Probation conditions that interfere with the exercise of constitutional rights must be closely related to punishment or rehabilitation for the underlying crime. Id.
The Ohio Supreme Court in State v. Jones (1990), 49 Ohio St.3d 51,52-53, adopted the three-part test as articulated by this court in Livingston, supra, for determining whether a condition of probation is unreasonable, and thus invalid. The Jones court held that "[i]n determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones, supra at 53.
In this case, we are asked to review the condition of probation which precludes appellant from being present within the Village of Chagrin Falls, a condition which clearly limits his freedoms of travel and association.
First, we find that the complained of condition does not serve to rehabilitate appellant because it is unnecessary to prevent his further contact with the individual who initiated the complaint against him. The trial court validly imposed a condition of his probation which requires that appellant have no contact with the complainant "either personally, by phone, fax e-mail or otherwise for one year." Thus, the complained of condition of probation fails to meet the first requirement of theJones test. Next, we find that the condition fails the second requirement of the Jones test as the condition is unrelated to the crime of which appellant was convicted: disorderly conduct. Finally, we find that the condition fails the third requirement of the Jones test as appellant's presence in the Village of Chagrin Falls does not relate to conduct which is criminal or even arguably related to future criminality. Moreover, it cannot be said that this condition of probation serves the purposes of probation as contemplated by the statute. Accordingly, we find the complained of condition of probation is unreasonable under the circumstances of this case.
We find appellant was prejudiced by the invalid condition of probation imposed upon him, find his sole assignment of error well taken, and vacate appellant's sentence to the extent that the condition of probation imposed upon appellant required that he not be within the Village of Chagrin Falls during his probationary period. Therefore, the judgment of the trial court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellee and appellant equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 ________________________ TIMOTHY E. McMONAGLE JUDGE
 DIANE KARPINSKI, P.J. and MICHAEL J. CORRIGAN, J., CONCUR.
[1] The parties stipulated that appellant's probationary period had been extended by the court through the date of hearing on the within matter.
[2] On January 5, 2000, appellant filed notice of withdrawal of his second assignment of error.