DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Scioto County Court of Common Pleas, Juvenile Division, which revoked Appellant Raymond H. Carver's probation. This revocation was based on the trial court's finding that appellant had violated the conditions of his probation. Appellant argues that the prosecution failed to prove beyond a reasonable doubt that he violated a condition of his probation; and the court's decision to revoke probation was, therefore, against the manifest weight of the evidence. We find appellant's argument to be without merit and affirm the judgment of the court below.
On October 8, 1998, a complaint alleging that appellant was a delinquent child was filed in the Scioto County Court of Common Pleas, Juvenile Division. The complaint specifically alleged that appellant had perpetrated acts, which, if committed by an adult, would constitute Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony.
Appellant entered a plea of denial to the allegations in the complaint on November 5, 1998. On February 16, 1999, appellant withdrew his plea of denial and entered a plea of admission to delinquency due to the commission of acts that would constitute Attempted Gross Sexual Imposition, a fourth-degree felony.
Subsequently, the court held a dispositional hearing on April 6, 1999, at which time it committed appellant to the custody of the Ohio Department of Youth Services for a period of no less than six months and not to exceed appellant's twenty-first birthday. The court then suspended the commitment and ordered that appellant be placed on probation from April 6, 1998, through January 1, 2000. Amongst appellant's conditions for probation was the requirement that he enter the Hocking Valley Community Residential Center (HVCRC) and cooperate with and complete the designated program there. Appellant entered HVCRC on April 6, 1998, and began his involvement in the program's sexual offender therapy and drug and alcohol abuse counseling.
On July 6, 1999, the staff of HVCRC issued a letter to Nick Ferrara, appellant's probation officer, requesting a review of appellant's placement in their program. The HVCRC recommended that appellant's placement with them be terminated because of his increased suicidal ideation.
Shortly after his arrival at HVCRC, appellant expressed suicidal tendencies and was placed on suicide watch. According to HVCRC staff, appellant again expressed suicidal thoughts from June 12, 1999, through June 17, 1999, when he was hospitalized until June 25, 1999, for treatment. Appellant appeared to be stabilized when he returned to the center. Appellant, however, became increasingly suicidal on July 5 and July 6, 1999, and was again hospitalized.
On July 7, 1999, Nick Ferrara, appellant's probation officer, filed a motion to revoke probation with the trial court. The probation officer's basis for the motion was that appellant did not comply with or complete the designated HVCRC program as ordered, as well as expressing the center's desire that appellant be removed from its care. The motion further noted that HVCRC felt that, due to appellant's constant threat of suicide, it had done all it could do to help him.
On July 8, 1999, appellant appeared before the trial court and entered a plea of denial to the allegations in the motion to revoke his probation. The court ordered that appellant's placement with HVCRC be terminated and that he be placed at the Jefferson County Juvenile Detention Center pending further order of the court. Appellant was subsequently placed on electronic home monitoring, in the custody of his mother.
An adjudication hearing to determine if appellant violated the conditions of his probation was held on October 12, 1999. The trial court determined that appellant had violated the terms of his probation, and the witness testimony at the hearing and exhibits admitted proved the violation beyond a reasonable doubt. The court expressed an interest in other placement and treatment options for appellant and postponed the disposition of the case until it received recommendations from the probation department.
On November 8, 1999, the court held a dispositional hearing on the motion to revoke probation and imposed its original sentence of commitment to the Ohio Department of Youth Services (ODYS) for a minimum of six months and a maximum of up to appellant's twenty-first birthday.
Appellant filed a timely notice of appeal and presents the following assignment of error for our review:
 I. THE COURT'S DECISION TO REVOKE APPELLANT'S PROBATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE PROSECUTION FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT HAD VIOLATED A CONDITION OF PROBATION.
Juv.R. 34(C) provides that "In all cases where a child is placed on probation, the child shall receive a written statement of the conditions of probation." In the present case, there is no question that appellant received a written statement of the conditions of his probation. At the adjudication hearing on the motion to revoke probation, a written statement, signed by the probation officer, appellant, and appellant's mother, was introduced into evidence. That statement clearly listed the conditions of appellant's probation, which included that he enter HVCRC and cooperate with and complete the selected program.
The trial court also complied with Juv.R. 35(B), which requires a hearing at which the child is present and has been informed of the reasons for which revocation is suggested. The rule further requires that "Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had * * * been notified." Therefore, we must review the trial court's finding that appellant violated a known condition of his probation.
The appropriate standard of review used to determine the propriety of a criminal sentence, specifically, the commitment to the ODYS, is abuse of discretion. In re John Freeborn (Dec. 15, 1999), Morgan App. No. 98CA08, unreported. An abuse of discretion occurs when a court's decision is unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. In making the determination of whether the trial court acted unreasonably, arbitrarily or unconscionably, we must consider the totality of the circumstances. Id.
In light of all the circumstances disclosed by the record, we find no abuse of discretion in the trial court's decisions to commit appellant to the custody of ODYS, suspend that sentence and impose probation, or carry out the original sentence when appellant's probation was revoked. However, this does not answer the pending question of whether in this case the trial court's revocation of appellant's probation was proper. Therefore, we must proceed further in our analysis.
The trial court has broad discretion in setting the conditions of probation. State v. Jones (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. This discretion, however, is not limitless. Id. The conditions of probation must not be arbitrary or significantly burden the defendant in the exercise of his liberty. State v. Livingston (1976), 53 Ohio App.2d 195,372 N.E.2d 1335. Also, the conditions must bear more than a remote relationship to the crime for which the defendant was convicted and sentenced. Id.
Taking into consideration that the purpose for probation is to seek the education and rehabilitation of the defendant, a court should consider the following questions when determining if a condition is appropriate:
 1. Is the condition reasonably related to the rehabilitation of the offender;
 1. Does the condition have some relationship to the crime for which defendant was convicted; and
 2. Does the condition relate to conduct which is criminal or reasonably related to future criminality?
State v. Jones, 49 Ohio St.3d at 53, 550 N.E.2d at 470; State v.Livingston, 53 Ohio App.2d at 197, 372 N.E.2d at 1337.
Also, a condition of probation should be readily understandable. In other words, a "common sense" reading of the condition should inform the defendant of expected or prohibited conduct. See State v. Jones,49 Ohio St.3d at 54, 550 N.E.2d at 472. Therefore, in order for a condition of probation to be valid, it must be reasonable. See Livingston, supra.
In the case sub judice, appellant was informed of the conditions of his probation in writing. The condition which appellant was found to have violated states that appellant is "ordered into Hocking Valley Community Residential Center to cooperate and complete program." The record establishes that HVCRC provides treatment for sexual offenders, along with drug and alcohol counseling, making appellant's mandatory placement there clearly related to his rehabilitation.
As previously noted, appellant admitted to delinquency due to actions that would have constituted a sexually oriented offense. The condition of his probation requiring him to cooperate and complete the program at HVCRC is indisputably related to the underlying offense of which appellant was found guilty. The nature of the required program, which was to be completed at HVCRC, also relates to conduct that is criminal or reasonably related to future criminality. Finally, a "common sense" reading of the condition clearly informs the reader that he is expected to cooperate with and complete the program at HVCRC. Therefore, the trial court's condition of probation was reasonable and appropriate to this case.
A finding that a condition of probation is reasonable does not, however, end our review.
Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court willact reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. (Emphasis added.)
See State v. Jones, 49 Ohio St.3d at 55, 550 N.E.2d at 472. Therefore, not only must the condition be reasonable it must also be enforced reasonably. "Literal enforcement of any condition of probation * * * could be unreasonable under some suggested fact patterns." Id.
Nonetheless, an order of the court revoking a defendant's probation must also be supported by competent, credible evidence. State v. Ross
(Jan. 24, 1991), Jackson App. No. 615, unreported. "While the burden on the state is not proof beyond a reasonable doubt, the quantum of evidence required to support a probation revocation must be substantial." Statev. Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Therefore, the state must present substantial evidence that a probation violation occurred, and the court must rely on that evidence which is competent and credible in issuing its ruling. Id.; see Ross.
The Supreme Court of Ohio has stated that "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. However, although a court's decision to revoke probation is based on competent, credible evidence that a literal violation has occurred, that decision may still be unreasonable in light of all the circumstances or reasons behind the violation. See State v. Jones, supra.
In the case at bar, there is no question that a literal violation of the terms of appellant's probation occurred. Appellant was ordered to enroll at HVCRC and complete their program, and he did not do so. However, whether the trial court's decision to find a violation and revoke probation was an unreasonable enforcement of the condition is the ultimate question.
Appellant argues that the enforcement of the condition in this case in effect meant that his probation was revoked because he was suicidal. In support of appellant's argument, he states he had no ability to comply with this condition of his probation because he was suicidal, unable to control his suicidal thoughts, and his removal from the HVCRC was not of his own doing.
Nonetheless, the trial court in this case ruled differently, and the record supports the reasonableness of its decision. Before imposing the original sentence, the trial court stated that its prior attempts to deal with appellant primarily failed because appellant had "chosen to make them fail." The court further stated, regarding appellant, that
 [E]very placement that has been made by the court has been as, first of all, an alternative to incarceration and secondly, has been an attempt to get treatment for this young man. Now, the problem is, that these attempts have been unsuccessful and they mainly have been unsuccessful because this young man wants to get treatment on his own terms which is not an alternative. He wants to dictate how he's going to get treatment for his problems * * *.
Clearly, the court took into consideration appellant's suicidal tendencies when it granted the motion to revoke probation and imposed the original sentence upon him.
The record contains written statements by doctors, therapists, and appellant's probation officer that lend support to the trial court's conclusion that appellant had chosen not to comply with the condition of his probation. For instance, in his recommendation to the court, appellant's probation officer stated that appellant was a very manipulative individual, and that appellant likes to be in control of all situations and will say whatever he feels will maintain his control. Also, although the HVCRC staff was very cautious in dealing with appellant's threatened suicides, at the revocation hearing a youth specialist from the center opined that, although not fully certain, he did not believe appellant's suicidal expressions were sincere.
Since the trial court's enforcement of appellant's condition of probation was reasonable under these circumstances, and competent, credible evidence supports the court's order to revoke appellant's probation, we find no reason to interfere with the trial court's decision. See Jones and Ross, supra.
Therefore, appellant's assignment of error is OVERRULED, and the judgment of the lower court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall earlier terminate if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
 _____________________________ David T. Evans, Judge