{¶ 1} Defendant-appellant, Michael Bragg, appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Bragg was charged with two counts of gross sexual imposition and one count of kidnapping with a sexual motivation specification. He pled guilty to three amended charges. Bragg pled guilty to one count of sexual imposition, a third degree misdemeanor; one count of assault, a first degree misdemeanor; and one count of child endangering, a first degree misdemeanor. By stipulation of the parties, Bragg was classified as a sexually oriented offender. He was sentenced to 60 days in county jail for the sexual imposition charge, to run consecutive to his six-month sentence for the endangering children charge. Finally, for the assault charge, Bragg was sentenced to three years of community control with reporting and drug testing requirements.
 {¶ 3} Bragg appeals, advancing one assignment of error for our review, which states the following:
 {¶ 4} "The trial court abused its discretion by imposing an overbroad condition of probation when it placed a no contact with children restriction upon appellant."
 {¶ 5} As part of the terms of community control, Bragg was ordered as follows: *Page 4 
 "There is a no contact order with the victim. And there is also a no contact order with children. You're not to be living with children, babysitting children, within the area of any children at all. And that's within a school area, at all. None. In the day care, no contact in that area."
Bragg argues that this restriction is overly broad because he would have to stay home in order to avoid any areas where children frequent. Further, Bragg contends that the condition is not reasonably related to rehabilitation because of the undue burden placed on him.
 {¶ 6} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C.2951.02(C) provides that "When an offender who has been convicted of or pleaded guilty to a misdemeanor is placed on probation * * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." Nevertheless, the court's discretion in imposing conditions of probation is not limitless. State v. Jones (1990), 49 Ohio St.3d 51, 52. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. See State v. Maynard (1988),47 Ohio App.3d 76.
 {¶ 7} In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to *Page 5 
rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. State v. Jones, 49 Ohio St.3d at 53.
 {¶ 8} In Jones, the defendant was convicted of multiple counts of contributing to the unruliness or delinquency of a minor, which were misdemeanors. Id. Jones contended that the condition of his probation that restricted his association or communication with persons under the age of eighteen years, not members of his immediate family, was too broad and violated his right to privacy. The court found that the condition of probation relating to the association and communication with minors was reasonably related to rehabilitating Jones, without being unduly restrictive. Id. at 55.
 {¶ 9} Here, Bragg pled guilty to three charges that arose from sexual contact with a child victim. The condition prohibiting contact with children is reasonably related to his criminal activity, the purposes of probation, and insuring Bragg's rehabilitation.
 {¶ 10} We also note that when conditions of probation are imposed, the court is not expected to define with specificity all the restricted behavior under all possible circumstances. Id. "Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will *Page 6 
act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation." Id. at 55.
 {¶ 11} We acknowledge Bragg's concern that the court's order is broad. Nevertheless, as the Ohio Supreme Court stated in Jones, "Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations." Id. In this case, however, there has been no showing that the condition imposed by the trial court would be unreasonably enforced against Bragg. Therefore, we find no abuse of discretion by the trial court in imposing this condition of probation with the understanding that the trial court will act reasonably at a revocation hearing. Accordingly, Bragg's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
 KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1