OPINION
Respondent-Appellant, Mark Maag ("Appellant"), appeals from the issuance of a civil protection order ("CPO") by the Wyandot County Common Pleas Court made at the request of his wife, Petitioner-Appellee, Joy Maag ("Appellee"). On appeal, Appellant argues that his actions were not such that would place Appellee in fear of imminent serious physical harm based upon the history of their relationship and that a five-year CPO was neither equitable nor necessary to prevent domestic violence based upon a single isolated statement. However, because Appellant threatened Appellee's life and testimony of his actions prior to and after the threats support the trial court's determination, we find the trial court did not abuse its discretion by issuing the CPO. On the other hand, we find that the trial court did abuse its discretion in prohibiting Appellant from consuming alcohol or drugs for the duration of the CPO when the record is completely devoid of any evidence supporting the necessity for such an order.
The facts leading to this appeal are as follows. Appellant and Appellee were married in the fall of 2000. Thereafter, the marriage apparently began to break down, resulting in Appellee's decision to move from the marital residence to her parent's house without informing Appellant of her decision. Upon learning of Appellee's decision, Appellant admits to becoming very upset and making inappropriate statements to Appellee. While Appellant testified that he does not remember his exact statements, Appellee testified that Appellant threatened her life. Appellee's brother corroborated this testimony.
In response to the threat against her life, Appellee appeared the following day before the Wyandot County Common Pleas Court ex parte, requesting the issuance of a CPO pursuant to R.C. 3113.31, and the request was granted. Subsequently, a full hearing was conducted on the CPO petition, and the magistrate recommended granting the CPO. The trial court concurred in the magistrate's recommendation and entered judgment accordingly.
From the issuance of the CPO, Appellant appeals, asserting three assignments of error for our review. For purposes of brevity and clarity, we elect to discuss Appellant's first and second assignments together.
 Assignment of Error I The trial court prejudicially failed to utilize an objective standard based on the history of the parties' relationship to determine whether the appellee's fear of imminent serious physical harm was reasonable.
 Assignment of Error II The trial court acted arbitrarily and prejudicially in ruling that the civil protection order was equitable, fair and necessary to prevent domestic violence by Appellant.
When granting a CPO, pursuant to R.C. 3113.31, a trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence.[1] According to R.C. 3113.31(A)(1)(b), domestic violence includes placing a household or family member "in fear of imminent serious physical harm" by a threat of force. Moreover, any protection order issued "shall be valid until a date certain, but not later than five years from the date of its issuance or approval."[2]
The granting of a CPO is within the discretion of the trial court.[3]
Therefore, an appellate court will not reverse the trial court's findings absent an abuse of discretion.[4] An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable.[5] A decision is unreasonable if no sound reasoning process would support the decision.[6]
Appellant asserts in his first assignment of error that his actions were not such that would reasonably place Appellee in fear of imminent serious physical harm based upon the history of the parties' relationship.[7] And, in his second assignment of error, Appellant contends that the five-year protection order was not equitable, fair, or necessary to prevent domestic violence based upon a single isolated statement, which Appellant maintains led to unsubstantiated fear when examined in conjunction with the parties' past relationship. Based upon the following, we find that the trial court did not abuse its discretion in ordering a five-year CPO.
Appellee testified that Appellant is a "violent person" and has been physical with her in the past. Moreover, Appellee's brother testified that Appellant "has a very short temper" and has been known to "blow up just to small, little things." Further testimony, which was refuted by Appellant, indicated that prior to the issuance of the protection order Appellant pinned Appellee to their bed and would not allow her to move, resulting in scratch marks on Appellant from Appellee's attempt to free herself.
Testimony before the trial court also revealed that Appellant called Appellee at her parents house after realizing that she was moving from their marital residence and threatened her life by stating "[y]ou're going to die. You've crossed me, and you're going to pay." These statements were corroborated by Appellee's brother, who was listening in on the conversation. As a result, Appellee testified that she was placed in "dire fear" and that since the threats she has feared for her life. Moreover, Appellee's mother stated that after the phone call she too was placed in "absolute * * * terror" and she was "scared to death." In response to the phone call, a police officer was called to their house.
The following day, after the CPO had been issued but prior to Appellant's receiving notice of it, Appellant went to the parties' business where he confronted Appellee and her parents. Testimony indicated that Appellant shoved Appellee's father and also threw a soft beverage in his face and down Appellee's mother's back. This incident also resulted in the police being called to the scene by Appellee and her family. While testimony indicated that Appellant had called to request police presence prior to his arrival, he proceeded into the business before they responded.
We note that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact.[8] Accordingly, the trial court's responsibility entails resolving disputes of fact and weighing the credibility of the testimony and evidence.[9] Therefore, we find that the trial court did not abuse its discretion by issuing the five-year CPO. Testimony was presented that supports its issuance. There was substantial unrefuted evidence that Appellee and her family were placed in fear of imminent serious physical harm, and while Appellant did contradict parts of the testimony, the trial court was free to believe Appellee's version of the events. Therefore, Appellant's first and second assignments of error are overruled.
 Assignment of Error III The trial court abused its discretion in barring the appellant from consuming, using or possessing alcoholic beverages without any substantiation in the record.
In his third assignment of error, Appellant claims that the trial court abused its discretion by ordering that Appellant refrain from possessing or consuming alcoholic beverages or illegal drugs for the duration of the CPO. R.C. 3113.31(E)(1)(h) affords trial courts discretion to grant relief that the court considers "equitable and fair" when issuing a protection order. Herein, the record is devoid of any mention of consumption of alcohol or drugs, and there is no indication that substance use or abuse precipitated Appellant's conduct or will exacerbate the risk of future harm.
While R.C. 3113.31 affords trial courts discretion in imposing restrictions corresponding to a CPO, this discretion is not limitless. We find the restriction barring Appellant's consumption or possession of alcohol analogous to those cases discussing unduly restrictive conditions placed on individuals subject to probation.[10] In those instances, as in this case, restrictions must bear a sufficient nexus to the conduct that the trial court is attempting to prevent.[11] Because the evidence herein does not indicate any connection between the restriction on alcohol consumption and Appellant's behavior, we find that the trial court abused its discretion by restricting Appellant in this respect. Accordingly, Appellant's third assignment of error is sustained.
Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed insofar as it relates to the ban on Appellant's consumption of alcohol or drugs, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
SHAW, P.J. and BRYANT, J., concur.
[1] Felton v. Felton (1997), 79 Ohio St.3d 34, 42.
[2] R.C. 3113.31(E)(3)(a).
[3] Deacon v. Landers (1990), 68 Ohio App.3d 26, 31; Parrish v.Parrish (Sept. 18, 2000), Ross App. No. 98CA2470, unreported; Andersonv. Anderson (Dec. 19, 2001), Mahoning App. No. 00-CA-89, unreported.
[4] Id.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
[7] See Conkle v. Wolfe (1998), 131 Ohio App.3d 375, 383, citingEichenberger v. Eichenberger (1992), 82 Ohio App.3d 809, 815-16.
[8] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
[9] Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23.
[10] Cf. State v. Jones (1990), 49 Ohio St.3d 51, 52-53; State v.Maynard (1988), 47 Ohio App.3d 76, paragraph two of the syllabus.
[11] Id.