OPINION
Appellant Todd E. Meldrum appeals the decision of the Massillon Municipal Court, Stark County, which denied his request to modify the probation conditions under his sentence on misdemeanor convictions. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
In November 2000, following a reportedly controversial call by referees at the end of a Massillon Tigers high school football game, appellant proceeded from a spectator area onto the stadium field and physically assaulted one of the officials. In the midst of the melee, police officers were able to apprehend appellant, who resisted arrest. Appellant was charged accordingly, and the case proceeded to a trial by jury in municipal court. On January 26, 2001, appellant was found guilty of Assault, a misdemeanor of the first degree, and Resisting Arrest, a misdemeanor of the second degree.
Appellant was thereupon sentenced to 180 and 90 days in jail, respectively, fined $500 and $250, respectively, and ordered to pay court costs. The judgment entry regarding assault also added the following probation conditions:
 Defendant shall not enter any school district properties/school yards, athletic or sports fields in any 7 seven school districts covered by this Court's jurisdiction for 5 yrs.
Judgment Entry, January 26, 2001.
On February 26, 2001, appellant filed a notice of appeal of his conviction and sentence, as well as a motion to modify his sentence. On March 23, 2001, the trial court issued a judgment entry ordering appellant released from jail after having served sixty days, on condition of good behavior and compliance with all prior orders of probation. This entry was approved by both the assistant prosecutor and appellant's then-counsel.
Appellant obtained a dismissal of the appeal of his conviction and original sentence on April 6, 2001. Appellant, engaging new counsel, thereafter sought modification of his probation conditions by filing a motion to modify sentence with the trial court on August 9, 2001. The trial court denied said motion and appellant's accompanying request for a hearing via a judgment entry filed on August 23, 2001. On September 18, 2001, appellant filed a notice of appeal from said judgment entry denying his motion to modify sentence.
Appellant herein raises the following two Assignments of Error:
 I. THE COURT ERRED AS A MATTER OF LAW WHEN IT ISSUED A BANISHMENT AGAINST THE DEFENDANT-APPELLANT AS PART OF HIS SENTENCE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED DEFENDANT-APPELLANT TO DISMISS APPEAL AS PART OF MODIFICATION WITHOUT PRESENCE OF DEFENDANT-APPELLANT AT MODIFICATION HEARING.
 I
Appellant contends that the trial court's order of probation constitutes a form of banishment not recognized under Ohio law. It is well-established that probation cannot be overly broad so as to unnecessarily impinge upon a defendant's liberty. State v. Maynard
(1988), 47 Ohio App.3d 76. However, appellant seeks to challenge the purported "banishment" provisions of his probation conditions which have not been altered since the original sentence, and which the court reiterated in the March 23, 2001 order granting his release. Addressing a nearly identical argument, the Ninth District Court of Appeals opined as follows in State v. Frambach (March 17, 1993), Lorain App. No. 92CA005395, unreported:
 Defendant's * * * assignment of error is that the trial court imposed unlawful conditions of probation on him at his original sentencing. [Defendant] Frambach cannot, however, contest the validity of those conditions at this time; he should have raised this issue in his direct appeal after his conviction. The appropriate time to challenge the conditions of probation is immediately after they are imposed. An order suspending the imposition of the sentence and placing the defendant on probation is a final order. R.C. 2951.10; State v. Fair (June 13, 1990), Summit App. No. 14343, unreported, at 4. Because such an order is final and, therefore, appealable, it must be appealed within thirty days of its entry. App.R. 4(A). Inasmuch as defendant failed to timely appeal from the imposition of probation, this court lacks jurisdiction to now consider this issue. * * *.
Id. at 3.
We have espoused similar views on "after-the-fact" appellate challenges to a trial court's prior probation orders. See State v. Ackison (Dec. 22, 2000), Fairfield App. No. 99 CA 8, unreported, discretionary appeal not allowed (2001), 91 Ohio St.3d 1493; State v. Payne (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, et seq., unreported. In the case subjudice, the record reveals that appellant dismissed his appeal of the January 26, 2001 conviction and sentence, and we find no indication that appellant filed an appeal of the March 23, 2001 judgment entry which granted release and again referenced the original probation conditions.
Therefore, as the trial court's August 23, 2001 judgment entry denying the motion to modify sentence made no changes to the pre-existing probation conditions, we find that the present argument is merely an untimely attempt to challenge prior orders of the trial court.
Appellant further seeks to convince us in his reply brief that the purported banishment provision was not technically part of probation, since the trial court on January 26, 2001 issued a separately-filed page of probation conditions which does not mention the restrictions on visiting school property and athletic fields. Thus, appellant argues, the trial court did not keep alive the restrictions on appellant when it referred to "all probation orders" in the March 23, 2001 agreed entry. However, we find no merit in this argument, as the original conviction and sentencing entry, on its face, includes a section clearly marked "Payment of Fines and Additional Probation Orders," wherein the trial judge handwrote the alleged banishment provision.
We conclude we lack direct appeal jurisdiction over the issues raised in Appellant's First Assignment of Error.
 II
In his Second Assignment of Error, appellant that he was denied the opportunity to be present at the hearing on March 23, 2001, which resulted in an amended jail sentence and an agreed judgment entry signed by his then-counsel. He argues, de hors the record, that he was not made aware of said hearing.
In the absence of proof to the contrary, attorneys are presumed to represent their clients competently and properly. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301. Nonetheless, appellant's notice of appeal herein pertains only to the August 23, 2001 judgment entry. Appellant's due process concerns in connection with the March 23, 2001 proceedings should have been brought in a timely appeal therefrom.
We again find we lack direct appeal jurisdiction over the issues raised in Appellant's Second Assignment of Error.
For the foregoing reasons, the appeal of the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby dismissed.
By: WISE, J. FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Massillon Municipal Court, Stark County, Ohio, is dismissed.
Costs are assessed to appellant.