484 So.2d 952 (1986)
STATE of Louisiana
v.
Savitri V. NORMAN.
No. KA 85 1061.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Bryan Bush, Dist. Atty., Baton Rouge, by Suzan Ponder, Asst. Dist. Atty., for plaintiff-appellee.
Bonnie Jackson, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
Savitri V. Norman was arrested when she unsuccessfully attempted to cash a forged check at a branch office of a Baton Rouge bank. She was thereafter charged by bill of information with one count of *953 forgery in violation of La.R.S. 14:72. She pled guilty as charged. The trial court sentenced defendant to a one year term of imprisonment in parish prison. Execution of the sentence was suspended, and defendant was placed on supervised probation for two years with special conditions.
Defendant brings this appeal urging as her sole assignment of error that a special condition imposed, requiring that she "not give birth to any children outside of wedlock" during the two year probationary period, is unconstitutional in violation of her right to privacy.
Probation conditions, to be valid, must be reasonably related to rehabilitation of the defendant. See La.C.Cr.P. art. 895, State v. Alleman, 439 So.2d 418 (La.1983). In imposing this special condition of probation, the trial judge characterized giving birth to illegitimate children as an indication of "irresponsible thinking." At the time of sentencing defendant was a twenty year old mother of two illegitimate children. There is no indication of record that defendant's participation in the instant crime was in any way related to the responsibilities of caring for her children.
The condition fails to meet the reasonable relationship test since it (1) bears, at best, only a tangential relationship to the underlying crime, (2) relates to conduct not itself criminal, and (3) requires marriage, forbids extramarital sex, or mandates contraception, none of which are reasonably related to curtailing defendant's criminality. Accordingly, we vacate the condition of probation that defendant "not give birth to any children outside of wedlock" during the probationary period. The conviction and sentence are otherwise affirmed.
SENTENCE VACATED IN PART AND AFFIRMED.