The STATE of Ohio, Appellee,

v.

JAHNKE, Appellant.

[Cite as *State v. Jahnke*, 148 Ohio App.3d 77, 2002-Ohio-371.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–916.

Decided Jan. 31, 2002.

Ron O'Brien, Franklin County Prosecuting Attorney, and Laura M. Rayce, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellant.

LAZARUS, Judge.

{¶ 1} Defendant-appellant, Reed S. Jahnke, appeals the July 9, 2001 decision and entry of the Franklin County Court of Common Pleas, imposing as a condition of his five-year probation, a no-contact order with Kelly Hunt. For the following reasons, we vacate the five-year no-contact order.

{¶ 2} On May 16, 2001, appellant was indicted on one count of theft in violation of R.C. 2913.02, and one count of receiving stolen property in violation of R.C. 2913.51. On July 5, 2001, appellant pled guilty to the stipulated lesser-

included offense on the theft charge of unauthorized use of a motor vehicle, in violation of R.C. 2913.03. The trial court found appellant guilty. As part of the plea agreement, the receiving stolen property count of the indictment was dismissed.

{¶ 3} At the sentencing hearing, the prosecutor presented the following facts. On April 22, 2001, Kelly Hunt had her mother's 2000 Ford Focus. Susan Hunt loaned the car to her daughter, Kelly. After using the car, Kelly parked it at her residence and went to sleep. When she awoke, the car was gone. Kelly assumed that her live-in boyfriend, Reed, took the vehicle, and did so without her permission. Appellant called Kelly the next day to say that he had taken the car. Appellant told Kelly that he had been jumped, that he was in the hospital, and that the car was located in the campus area. A telephone call made to the police department revealed that the car was recovered and impounded. A warrant was issued for appellant's arrest. Items left in the vehicle, totaling $729, were stolen, and there was extensive damage to the car.

{¶ 4} The prosecutor indicated that he had a conversation with Susan. Susan stated that appellant had created a "great deal of stress" between her and Kelly. The prosecutor also indicated that Susan stated that appellant was not working, that he was using drugs, and that she wanted the court to place appellant on alcohol and drug screening and counseling as a condition of his probation.

{¶ 5} The trial court suspended a six-month sentence and a $1,000 fine, if restitution was paid in full. The trial court ordered appellant's suspension to continue for a period of five years on the condition that he (1) pay court costs; (2) have drug and alcohol evaluations; (3) follow aftercare recommendations and participate in random drug screens; (4) obtain full-time verifiable employment or participate in Employment Development Programs as determined by the probation officer; (5) pay restitution in the amount of $729, payable to Susan Hunt; (6) perform eighty hours of community service; (7) have no new violations; (8) maintain a verifiable address; and (9) have no contact with Susan and Kelly.

{¶ 6} It is from this entry that appellant appeals, challenging the ninth numerated probation condition as it pertains to Kelly. Appellant raises the following sole assignment of error:

{¶ 7} "The trial court erred when it imposed, as a condition for probation for a misdemeanor conviction of unauthorized use of a motor vehicle, an order for the defendant not to have any contact with his fiancee for five years when this order was not requested and was openly objected to by the defendant's fiancee."

{¶ 8} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides:

{¶ 9} "* * * In the interests of doing justice, rehabilitating the offender, and insuring the offender's good behavior, the court may impose additional requirements on the offender. Compliance with the additional requirements imposed under this division also shall be a condition of the offender's probation or other suspension. * * *"

{¶ 10} "This section empowers the trial court with rather broad discretionary powers in relation to the specific conditions which it may impose upon a given defendant ·as a probationer depending upon the facts and circumstances of the given matter." *State v. Owens* (Nov. 21, 1978), Franklin App. No. 78AP–374. However, the trial court's discretion in imposing conditions of probation is not limitless. *State v. Livingston* (1976), 53 Ohio App.2d 195, 196–197, 7 O.O.3d 258, 372 N.E.2d 1335; *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860, paragraph two of the syllabus. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

 {¶ 11} In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," the Ohio Supreme Court adopted a three-prong test. The trial court should consider whether the condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469; *Maynard* at paragraph two of the syllabus; *Livingston*, supra.

{¶ 12} In the case sub judice, appellant was convicted of unauthorized use of a motor vehicle. The trial court placed appellant on a five-year probation. One of the conditions of his probation is that he is to have no contact with Kelly. Appellant argues that this condition of probation restricted his association or communication with his pregnant fiancée, Kelly, thereby violating his right to privacy and the fundamental right to marry.[1]

{¶ 13} Applying the first prong of the three-prong test of *Jones*, we find that the five-year no-contact order does not reasonably relate to rehabilitating appellant. While Susan indicated that appellant has caused stress between her and Kelly, the main concern appeared to be Susan's desire for the trial court to place appellant in a drug and alcohol counseling/rehabilitation program. Not allowing appellant to have contact with his fiancée for five years does not serve in rehabilitating him for his conviction of unauthorized use of a motor vehicle. It is

---

1. At the sentencing hearing, Kelly told the trial court that she and appellant were engaged and going to be married in October.

unlikely that the relationship that exists between appellant and Kelly was the contributing factor in appellant's committing the offense. Cf. *Columbus v. Harmon* (Sept. 27, 1990), Franklin App. No. 89AP–1412, 1990 WL 308124. We are not convinced that imposing a five-year no-contact order would help achieve the objective of rehabilitating appellant.

{¶ 14} Additionally, the condition of probation set by the trial court also failed to satisfy the second and third prongs of *Jones*. The five-year no-contact order bears no relationship to the crime appellant committed or to future criminal conduct. Other than access to the car, review of the record does not reveal anything that would indicate that appellant's relationship with Kelly played a role in his actions in taking the car and his subsequent conviction of unauthorized use of a motor vehicle. This arbitrary condition imposed by the trial court only burdens appellant's exercise of his liberty. As a result, we find that it would be unreasonable to enforce the five-year no-contact order against appellant. The condition set by the trial court infringes on the private arena of family life in which the state cannot interfere under the circumstances of this case. *Meyer v. Nebraska* (1923), 262 U.S. 390, 399–401, 43 S.Ct. 625, 67 L.Ed. 1042. Personal choice in matters of marriage is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Moore v. E. Cleveland* (1977), 431 U.S. 494, 499, 97 S.Ct. 1932, 52 L.Ed.2d 531, citing *Cleveland Bd. of Edn. v. LaFleur* (1974), 414 U.S. 632, 639–640, 94 S.Ct. 791, 39 L.Ed.2d 52. The condition set forth by the trial court encroached on appellant's fundamental rights without any concomitant rehabilitative purpose. As a result, appellant was oppressed and unduly burdened when the trial court imposed the five-year no-contact order. *Livingston,* supra, citing *State v. Simpson* (1975), 25 N.C.App. 176, 212 S.E.2d 566. As such, we find that the trial court abused its discretion in imposing the five-year no-contact order prohibiting appellant from having contact with Kelly. Accordingly, appellant's sole assignment of error is sustained.

{¶ 15} The judgment of conviction of the Franklin County Court of Common Pleas is affirmed in all respects but one. The judgment of the trial court is vacated as to the condition of probation ordering appellant to have no contact with Kelly Hunt.

> Judgment affirmed in part and
> vacated as to no-contact order.

TYACK, P.J., and PEGGY BRYANT, J., concur.