The STATE of Ohio, Appellee,

v.

LAKE, Appellant.

The State of Ohio, Appellee,

v.

Lake, Appellant.

[Cite as *State v. Lake*, 150 Ohio App.3d 408, 2002-Ohio-6484.]

Court of Appeals of Ohio,
Third District, Auglaize County.

Nos. 2–02–12 and 2–02–13.

Decided Nov. 27, 2002.

Jamie L. Crisp and John A. Poppe, for appellant.

Amy Otley Fox, Auglaize County Assistant Prosecuting Attorney, for appellee.

THOMAS F. BRYANT, Judge.

{¶ 1} Defendant-appellant Anthony W. Lake ("Lake") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County revoking his driving privileges for five years as a condition of community control and denying his motion for reinstatement of his driving privileges.

{¶ 2} On April 9, 2000, Lake was arrested for assaulting his wife at their home. Pursuant to a plea negotiation, Lake pled guilty to one count of domestic violence, a felony of the fifth degree, and one count of attempted abduction, a felony of the fourth degree. Lake was sentenced on October 24, 2000. The trial court ordered that Lake be sentenced to community-control sanctions. Because the presentence investigation report ("PSI") indicated that Lake was an alcoholic, the trial court ruled that Lake should not have driving privileges. No appeal of this sanction was taken at that time.

{¶ 3} On June 14, 2002, Lake filed a motion requesting work driving privileges. With the motion, Lake filed a letter from the officer in charge of monitoring Lake's community control. This letter stated that Lake had been sober for almost two years, that there were no violations of community control, and that work driving privileges should be granted. On June 21, 2002, the trial court overruled the motion. The basis for the trial court's ruling was its belief that it did not have the authority to remove the condition and that the return of the license was within the control of the Bureau of Motor Vehicles. The trial court also found that Lake's motion was not well taken because he did not file a

timely appeal of the original sentencing. Lake appealed from this judgment on July 19, 2002.

{¶ 4} On July 19, 2002, Lake filed a motion with this court to file a delayed appeal of the original sentence. This motion was granted on September 11, 2002. The appeals were consolidated for the purpose of the record and for oral argument. Because the issues of both appeals are interrelated, we have chosen to address them in one opinion.

{¶ 5} Lake raised the following assignments of error in his appeals:

{¶ 6} "The trial court was without authority to terminate [Lake's] license pursuant to [R.C. 4507.08(D)(1) ] and therefore the sentencing order of the trial court is a void judgment."

{¶ 7} "The trial court erred when it stated, in its journal entry denying motion for driving privileges, that the [trial court] was 'without authority to modify its final orders concerning R.C. 4507.08.' "

{¶ 8} In support of his first assignment of error, Lake claims that the trial court erred by finding him to be an alcoholic and revoking his driving privileges pursuant to R.C. 4507.08(D)(1). This statute provides as follows.

{¶ 9} "(D) No temporary instruction permit or driver's license shall be issued to, or retained by, any of the following persons:

{¶ 10} "(1) Any person who is an alcoholic, or is addicted to the use of controlled substances to the extent that the use constitutes an impairment to the person's ability to operate a motor vehicle with the required degree of safety." R.C. 4507.08(D)(1).

{¶ 11} The state argues that since the trial court found Lake to be an alcoholic, the trial court had no choice but to revoke his driving privileges. However, the trial court's finding that Lake is an alcoholic was based upon a medical diagnosis by St. Rita's Medical Center as expressed in the PSI. The statutory definition of an alcoholic for the purposes of enforcement of R.C. 4507.08 is set forth in Ohio Adm.Code 4501:1–1–16(A)(1). *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 554 N.E.2d 97. The Administrative Code states that an alcoholic, for the purposes of R.C. 4507.08, is a person who has been convicted three or more times within the immediately preceding three-year period of driving while under the influence of alcohol. Ohio Adm.Code 4501:1–1–16. In this case, Lake has no convictions for DUI within the preceding three-year period. Thus, Lake is not an alcoholic for the purposes of R.C. 4507.08 and the trial court is without authority to revoke his license pursuant to that statute.

{¶ 12} The state also argues that the trial court can revoke Lake's license as a condition of community-control because the trial court has the authority to impose any limitation pursuant to R.C. 2929.17. R.C. 2929.17 does provide the trial court with authority to impose any condition as a community-control sanction. However, this authority is limited to those conditions that are reasonably related to the offense.

[3] {¶ 13} "In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469.

{¶ 14} Although community-control sanctions are not exactly the same as probation, the authority to impose conditions is still not limitless and those conditions may not be overly broad so as to unnecessarily impinge upon the offender's liberty. *State v. Jahnke*, 148 Ohio App.3d 77, 2002-Ohio-371, 772 N.E.2d 156. Several courts have required the conditions of community control sanctions to pass the test set forth in *Jones*. See *Jahnke*, supra; *State v. Robinson* (2001), 146 Ohio App.3d 344, 766 N.E.2d 186; *State v. Oros*, 4th Dist. No. 01CA7, 2001-Ohio-2574, 2001 WL 1122073; *State v. Cottrell* (Nov. 5, 1999), Lake App. No. 98–L–220, 1999 WL 1073806; *State v. Craft*, 2d Dist. No. 2001–CA–128, 2002-Ohio-5127, 2002 WL 31151374; and *State v. Smith*, 12th Dist. No. CA2001–01–009, 2002-Ohio-1729, 2002 WL 553705. We agree with these courts that the conditions set for community control sanctions should pass the test set forth in *Jones*.

{¶ 15} The first prong of the test is that the condition must be reasonably related to the rehabilitation of the offender. The condition in question here is driving. There is no evidence that denying Lake driving privileges will help in his rehabilitation. The letter from Lake's probation officer states that giving Lake driving privileges would be beneficial to his rehabilitation, as it would permit him to obtain employment and to travel to and from that employment. Given this evidence, the condition does not seem designed to aid in Lake's rehabilitation.

{¶ 16} Next, we must determine whether the condition is reasonably related to the offense for which Lake was convicted. Lake was convicted of domestic violence and attempted abduction. The domestic violence involved Lake striking his wife while they were at their home. The attempted abduction involved Lake preventing his wife from leaving the home. Neither of the offenses involved Lake's driving any motor vehicle. Although Lake was intoxicated at the time of

the offenses, there is no evidence that he even attempted to operate the motor vehicle while intoxicated. According to the victim's statement, Lake had called her from a local bar to come get him and she was the one who drove the vehicle. Since Lake's driving privileges are in no way related to the offense, the condition that he not be permitted to drive is not reasonable.

{¶ 17} Finally, we must determine whether the condition relates to any criminal act. Driving an automobile with a valid license and according to the laws set forth by the state is not a criminal act. Nor can we say that permitting Lake to operate a motor vehicle would lead to future criminal acts. Thus, the third prong of the test is not met.

{¶ 18} Since the condition set forth by the trial court does not pass the test set forth in *Jones,* the condition is not permissible. The judgment entry setting forth the condition is void as to that condition. The first assignment of error is sustained.

{¶ 19} The second assignment of error claims that the trial court does have the authority to modify the conditions of community control. We note that the question of whether the trial court can restore Lake's driving privileges is effectively moot, since we have held that the trial court did not have the authority to revoke Lake's driving privileges originally. Nevertheless, the trial court's holding in the journal entry that only the Bureau of Motor Vehicles has the authority to restore Lake's driving privileges is in error. The trial court instructed Lake that he would have to apply to the Registrar of Motor Vehicles in order to regain driving privileges. If the time for community-control sanctions had expired, this would be accurate. However, as long as the court order denying Lake driving privileges is in effect, the Registrar of Motor Vehicles has no authority to ignore the court order and restore those privileges. Lake lost his driving privileges as a condition of community control. The trial court does have the authority to modify those conditions, but the Registrar of Motor Vehicles does not. Thus, the second assignment of error is sustained.

{¶ 20} The judgment of the Court of Common Pleas of Auglaize County is reversed, and the cause is remanded for the reinstatement of driving privileges to Lake.

Judgment reversed
and cause remanded.

SHAW, P.J., and WALTERS, J., concur.