This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Sean E. Talty has appealed from a decision of the Medina County Court of Common Pleas that sentenced him to non-residential community control sanctions for a period of five years, subject to several conditions. This Court affirms.
 I. {¶ 2} On February 27, 2002, Appellant was indicted on two counts of non-support of dependents, in violation of R.C. 2919.21(A)(2) and/or R.C. 2929.21(B), a fourth degree felony, for unlawfully and recklessly failing to provide adequate support for three of his seven minor children, to wit: Heather, Shyann, and Courtney.[1] Appellant initially pleaded not guilty to the charges, but he later changed his plea to no contest. The court accepted Appellant's plea and found Appellant guilty of all counts as charged in the indictment.
 {¶ 3} Prior to sentencing, the trial court ordered that each party submit briefs to determine "whether or not the Court can lawfully order that, as a condition of [Appellant's] supervision by the Adult Probation Department, [Appellant] may not impregnate a woman while under supervision." In compliance with the trial court's order, the parties filed briefs presenting their arguments; the American Civil Liberties Union of Ohio Foundation filed a motion to intervene, which was granted, and it subsequently filed an amicus curiae brief in support of the position that the trial court did not have the authority to impose such a condition.
 {¶ 4} During the sentencing hearing, the trial court found that community control sanctions[2] were consistent with the purposes of R.C. 2929.11, and sentenced Appellant to community control for five years under non-residential sanctions in the form of the general supervision and control of the Adult Probation Department. The trial court also imposed several conditions on Appellant's non-residential community control sanctions. The trial court ordered Appellant to 1) make regular child support payments, in the amount of $75 per week for each case he maintained with the Medina County Child Support Enforcement Agency; 2) make all reasonable efforts to remain employed on a full-time basis; 3) obtain his GED within five years; and 4) make all reasonable efforts to avoid conceiving another child while under the supervision of the Medina County Adult Probation Department. As to the condition that Appellant make all reasonable efforts to avoid conceiving another child, the trial court noted: "What those efforts are are up to him, that is not for me to say, I am not mandating what he does, only that he has to make reasonable efforts to do so."
 {¶ 5} Appellant has timely appealed, asserting one assignment of error.
 II. Assignment of Error "THE TRIAL COURT INFRINGED [APPELLANT'S] DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTIONS ONE, TWO AND SIXTEEN OF THE OHIO CONSTITUTION AND [APPELLANT'S] RIGHT TO PRIVACY UNDER THE NINTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTION TWENTY OF THE OHIO CONSTITUTION WHEN IT IMPOSED A PROBATION CONDITION ON [APPELLANT] TO TAKE REASONABLE STEPS TO AVOID CONCEIVING ANOTHER CHILD WHILE HE IS ON PROBATION. SINCE THIS PROBATION CONDITION INFRINGED ON [APPELLANT'S] FUNDAMENTAL RIGHTS, THE COURT SHOULD HAVE FIRST DETERMINED THE REASONABLENESS OF THE CONDITION UNDER A RATIONAL BASIS TEST AND THEN APPLIED STRICT SCRUTINY ANALYSIS TO DETERMINE IF THE CONDITION WAS OVERBROAD. UNDER STRICT SCRUTINY ANALYSIS, THIS CONDITION VIOLATES [APPELLANT'S] CONSTITUTIONAL RIGHTS TO PRIVACY, DUE PROCESS, AND EQUAL PROTECTION."
 {¶ 6} In Appellant's sole assignment of error, he has argued that the trial court violated his fundamental rights when it imposed certain conditions on his sentence of five years non-residential community control sanctions. Specifically, Appellant has contended that the trial court violated his right to procreate when it ordered him to take reasonable steps to avoid conceiving a child while under the supervision of the Medina County Adult Probation Department. We disagree.
 {¶ 7} Appellant has framed the issue before this Court as: "whether it is constitutional for a trial court to impose a [condition of community control] that a probationer take reasonable steps to avoid conceiving another child while on probation." As an initial matter, we note that a party may not raise constitutional questions in a reviewing court unless it first raises them in the trial court. State v. Awan
(1986), 22 Ohio St.3d 120, 122; see, also, State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus, vacated in part (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Moreover, "[c]onstitutional questions will not be decided until the necessity for a decision arises on the record before the court." Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph two of the syllabus. We find that not only did Appellant preserve this constitutional issue for appeal by objecting to the conditions of his community control sanctions at the sentencing hearing, but that a "necessity for a decision [has arisen] on the record before the court."[3]
 {¶ 8} In reviewing this constitutional issue, this Court must give deference to the trial court's factual findings. State v. Kish, 9th Dist. No. 02CA008146, 2003-Ohio-2426, at ¶ 55, citing State v.Ziepfel (1995), 107 Ohio App.3d 646, 652. However, constitutional analyses are questions of law, and this Court therefore applies a de novo standard of review which affords no deference to the trial court's conclusions. Id.
 The standard of review {¶ 9} We initially note that the trial court has broad discretion in determining the conditions of probation. R.C. 2951.02; State v. Jones
(1990), 49 Ohio St.3d 51, 52; Lakewood v. Hartman (1999),86 Ohio St.3d 275, 277. While the trial court has broad discretion to impose certain probation conditions, that discretion is not unlimited when a fundamental right is involved:
 "In exercising a recognized broad discretion in setting additional conditions of probation, the trial court is not free to impose arbitrary conditions that significantly burden the defendant in the exercise of [his] liberty and bearing only a remote relationship to the crime for which [he] was convicted and to the objectives sought by probation of education and rehabilitation." State v. Livingston
(1976), 53 Ohio App.2d 195, 196.
 {¶ 10} Therefore, a trial court's discretionary power to invoke probation conditions cannot be so overly broad as to unnecessarily impinge on the constitutional rights of the probationer. State v. Maynard
(1988), 47 Ohio App.3d 76, 77.
 {¶ 11} "Reasonableness is the test of the propriety of the conditions of probation." Livingston, 53 Ohio App.2d at 197. In determining whether a condition of probation is unreasonable, relying onLivingston, the Ohio Supreme Court in Jones set forth a three-part test. The Jones court held:
 "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones, 49 Ohio St.3d at 53.
 {¶ 12} This case involves community control sanctions, which are the functional equivalent of probation. R.C. 2929.15(A)(1) governs the trial court's authority to impose conditions on community control sanctions and provides, in pertinent part:
 "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to [R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18]. *** If the court sentences the offender to one or more nonresidential sanctions under [R.C. 2929.17], the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law and must not leave the state without the permission of the court or the offender's probation officer. The court may impose any other conditions of release under a community control sanction that the court considers appropriate[.]" (Emphasis added.)
 {¶ 13} Pursuant to R.C. 2929.15, when sentencing an offender convicted of a felony, the court may impose one or more community control sanctions, including residential, nonresidential, and financial sanctions, and it is within the court's discretion to impose additional conditions that it considers "appropriate." See State v. Sturgeon
(2000), 138 Ohio App.3d 882, 885. "Although community-control sanctions are not exactly the same as probation, the authority to impose conditions is still not limitless and those conditions may not be overly broad so as to unnecessarily impinge upon the offender's liberty." State v. Lake,150 Ohio App.3d 408, 2002-Ohio-6484, at ¶ 14, citing State v.Jahnke (2002), 148 Ohio App.3d 77. Therefore, the Jones test is also proper even as applied to a condition of community control sanctions. SeeLake, 150 Ohio App.3d at 411; see, e.g.: State v. Craft, 2nd Dist. No. 2001-CA-128, 2002-Ohio-5127, at 3-4; State v. Oros (Sept. 14, 2001), 4th Dist. No. 01CA7, 2001 Ohio App. LEXIS 4232, at *5-6; State v. Bates
(Nov. 2, 2000), 8th Dist. No. 77522, 2000 Ohio App. LEXIS 5115, at *3-4;State v. Cottrell (Nov. 5, 1999), 11th Dist. No. 98-L-220, 1999 Ohio App. LEXIS 5233, at *8-9; but see Sturgeon, 138 Ohio App.3d at 885
(holding that the three-part Jones test does not apply to community control sanctions because R.C. 2929.15, which governs additional conditions of community control imposed on a felon, does not contain the language of former R.C. 2951.02(C)).
 {¶ 14} Appellant agrees that the three-part Jones test is appropriate in this situation. He has further argued, however, that this Court should then apply strict scrutiny to determine the constitutionality of the community control condition at issue. Appellant has contended that strict scrutiny is appropriate because the condition infringed Appellant's fundamental right to procreate. Appellant has asserted:
 "The court's use of Jones was correct insofar as it was applied to determine the reasonableness of the probation condition. However, the outcome is incorrect because the court failed to take the extra step of applying strict scrutiny to show a compelling state interest that the condition was narrowly tailored to avoid unnecessarily infringing on [Appellant's] rights."
 {¶ 15} A strict scrutiny review, which Appellant has argued should be applied in deciding the constitutionality of the condition, is generally employed where the challenged law involves a suspect class of persons or a fundamental constitutional right. Clements v. Fashing
(1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508. Under a strict scrutiny analysis, a party (i.e., the state) seeking to restrict a fundamental right has the burden of proving that the restriction is (1) narrowly tailored, to serve (2) a compelling state interest. RepublicanParty v. White (2002), 536 U.S. 765, 774-775, 122 S.Ct. 2528,153 L.Ed.2d 694. "Recognized fundamental rights include the right to vote, the right of interstate travel, rights guaranteed by the First Amendment to the United States Constitution, the right to procreate, and other rights of a uniquely personal nature." State v. Williams (2000), 88 Ohio St.3d 513,530.
 {¶ 16} Although Appellant is correct in his assertion that a fundamental right is involved (the right to procreate), we nevertheless reject Appellant's contention that this Court should apply a strict scrutiny analysis to determine the constitutionality of the condition imposed upon him based upon this Court's decision in State v. Conkle
(1998), 129 Ohio App.3d 177, appeal not allowed (1998), 84 Ohio St.3d 1433. In Conkle, the defendant appealed a decision of the Wayne County Municipal Court, which imposed as a condition of his probation that he have no contact with his wife, her residence, or her property during the period of probation. The defendant, like Appellant in the instant matter, argued that this Court should apply the strict scrutiny analysis to his condition of probation because it involved a fundamental right.
 {¶ 17} Relying on Livingston, we rejected the defendant's argument. Conkle, 129 Ohio App.3d at 179. We reasoned to that result because the court in Livingston declined to apply strict scrutiny to a probation condition that prohibited a female defendant from procreating for a five year period; therefore, we held that strict scrutiny review was inapplicable to a probation condition that restricted a defendant from contacting his wife. Id. We held that "[a]s long as a condition of probation meets [the three-part test in Jones], the imposition of the condition is not grounds for reversal." Id.
 {¶ 18} In addition to our decision in Conkle, and the Sixth District Court of Appeals' decision in Livingston, other states have also declined to apply strict scrutiny to probation conditions that impinged upon a defendant's fundamental rights, and have instead either applied a variation of the rational basis review, or have required a showing that the conditions are primarily designed to meet the ends of rehabilitation and protect the public. See e.g., U.S. v. Bollinger (C.A.9, 1991),940 F.2d 478, 480; Commonwealth v. LaPointe (2001), 435 Mass. 455, 459,759 N.E.2d 294; Shepherd v. Commonwealth (Va.App. 1994), 1994 Va. App. LEXIS 400, at *3. More specifically, some states have applied the rational basis test to conditions related to a defendant's right to conceive a child during the duration of probation. See, e.g., People v.Dominguez (1967), 256 Cal.App.2d 623, 627, 64 Cal.Rptr. 290; Thomas v.State (Fla.App. 1988), 519 So.2d 1113, 1114; Trammell v. State (Ind.App. 2001), 751 N.E.2d 283, 289; State v. Norman (La.App. 1986), 484 So.2d 952,953; State v. Oakley (2001), 245 Wis.2d 447, 473, 629 N.W.2d 200, certiorari denied (2002), 123 S.Ct. 74, 154 L.Ed.2d 16; People v.Ferrell (1995), 277 Ill. App.3d 74, 79, 659 N.E.2d 992, appeal denied (1996), 166 Ill.2d 545, 664 N.E.2d 644.[4] Consequently, we conclude that strict scrutiny is inappropriate.
 Constitutionality of the condition restricting procreation {¶ 19} Only two Ohio courts have addressed the constitutionality of a probation condition that impinged upon a defendant's fundamental right to procreate: Livingston, 53 Ohio App.3d 195, and State v. Richard
(1996), 113 Ohio App.3d 141.
 {¶ 20} In Livingston, a defendant who had an I.Q. of less than 100 placed her seven-month-old child on a space heater, causing second degree burns on six to seven percent of the child's body. As a result, the defendant was charged and convicted of the cruel abuse of a child resulting in serious physical harm. The trial court suspended the imposition of the sentence and granted probation to the defendant upon the condition that she serve thirty days in the county jail, cooperate fully with the children's services board and that "the defendant not have another child during the five year probationary period." Id. at 195. The defendant appealed the trial court's sentence.
 {¶ 21} On appeal, the Livingston court noted that a trial court has broad discretion in implementing conditions of probation. However, a trial court is not free to impose arbitrary conditions that significantly burden the defendant in the exercise of her liberty and bearing only a remote relationship to the crime for which she was convicted and to the objectives sought by probation of education and rehabilitation. Id. at 196. The court concluded, after applying the three-part test subsequently adopted in Jones, that the condition was unconstitutional. Id.
 {¶ 22} Similarly, the court in Richard also concluded that a probation condition which prohibited a defendant from having a child was unconstitutional. Richard, 113 Ohio App.3d at 145. The defendant inRichard was convicted of disorderly conduct and possession of drug paraphernalia. The trial judge imposed a sentence of one hundred-twenty days in jail and set probation for a two-year period. The trial court further ordered the defendant to continue drug and alcohol rehabilitation, to receive counseling from Planned Parenthood, and that the defendant use some sort of birth control procedure during her probation, "whether it be birth control medications or tubal ligation."Id. at 143. The defendant appealed the sentence.
 {¶ 23} In reviewing the constitutionality of the condition of probation, the Richard court stated that "[t]ubal ligation and birth control are matters beyond what may be considered by the judiciary. These are matters for social workers or medical personnel." Id. at 145. The court struck down the condition and concluded:
 "[T]he probation imposed by the trial judge had no relationship to the crime of which the offender was convicted, related to conduct which is not in itself criminal, and forbade conduct which is not reasonably related to the future criminality and does not serve the statutory ends of probation." Richard, 113 Ohio App.3d at 145.
 {¶ 24} The decisions in Livingston and Richard suggest that Ohio has rejected any attempt by the trial court to place restrictions on a defendant's right to procreate during the term of probation. However, this Court finds that the decisions in Livingston and Richard are inapposite to the present case. The limitation on procreation imposed inLivingston did not sufficiently relate to conduct which was criminal or to future criminality. See, also, Rodriguez v. State (Fla.App. 1979),378 So.2d 7, 10 (holding that a condition of probation restricting a defendant from marrying or conceiving a child during the term of probation was invalid because the condition had no relationship to the crime of child abuse). That is, the defendant`s right to procreate did not give rise to the crime for which she was charged. In the instant case, by contrast, Appellant's ability to procreate is directly related to the number of children dependent upon him for support, to his past conviction for felony non-child support, and also to his future rehabilitation and compliance with his child support obligations.
 {¶ 25} The most important distinction between the condition set forth in Livingston and the condition at issue here is that the latter condition is not a complete bar to Appellant's right to procreate.[5]
The condition in Livingston required strict compliance, and the only proof needed to revoke probation was proof of conception. If the defendant in Livingston conceived a child during the term of her probation, then the trial court could have revoked her probation and reinstated the suspended sentence. Here, if Appellant conceives a child during the term of his non-residential community control sanctions, the state has the burden of proving 1) that Appellant is the father of the child, and 2) that he did not use "reasonable" efforts to avoid conception. If the state fails to prove by a preponderance of the evidence that Appellant did not use "reasonable" efforts, or if Appellant can show that "reasonable" efforts were employed to avoid conception and that such efforts were ineffective, the trial court cannot impose a more restrictive sanction, a longer sanction, or a prison term of up to twelve months against Appellant for violating the terms of community control.See State v. Carpenter (Dec. 17, 1986), 9th Dist. No. 2168, at 4 (holding that the state must prove by a preponderance of the evidence that a defendant violated his probation); see, also, State v. Parker, 5th Dist. No. 2002CA00273, 2003-Ohio-1148, at ¶ 7.
 {¶ 26} Moreover, the condition imposed in Richard was not even remotely related to the rehabilitation of the defendant, nor to the crime of which the defendant was convicted, i.e., various drug offenses.
 {¶ 27} We find that the facts of the instant case are similar to the Wisconsin Supreme Court's decision in Oakley, supra. The defendant inOakley was the father of nine children. The defendant was initially charged with intentionally refusing to pay child support for four of the nine children he fathered with four different women; at the time he was indicted, the defendant was in arrears in excess of $25,000. The state subsequently charged the defendant with seven counts of intentionally refusing to provide child support as a repeat offender. The defendant pleaded no contest to four counts of intentionally refusing to support his children. The trial court sentenced the defendant to three years imprisonment on the first count, imposed and stayed an eight-year term of imprisonment on the two other counts, and imposed a five-year term of probation consecutive to his incarceration. The trial court also imposed a condition of probation, whereby the defendant could not have any more children unless he demonstrated that he had the ability to support them and that he was supporting the children that he already had.
 {¶ 28} The defendant appealed the sentence. The appellate court found that the condition of probation was not overbroad and that it was reasonable. Oakley, 245 Wis.2d at 455. On writ of certiorari, the Wisconsin Supreme Court upheld the appellate court's decision. The court acknowledged that "[e]nforcing child support orders *** has surfaced as a major policy directive in our society." Id. at 458. The court further noted that the lower court "fashioned a condition that was tailored to that particular crime, but avoided the more severe punitive alternative of the full statutory prison term through the rehabilitative tool of probation. At the same time, [the trial judge] sought to protect the victims of [the defendant's] crimes — [the defendant's] nine children." Id. at 463.
 {¶ 29} More importantly, the Wisconsin court explained that in fashioning conditions of probation, "convicted individuals do not enjoy the same degree of liberty as citizens who have not violated the law."Id. at 466; see, also, Griffin v. Wisconsin (1987), 483 U.S. 868, 874,107 S.Ct. 3164, 97 L.Ed.2d 709. The court found that because criminals do not stand in the same position as someone who has not been convicted of a crime, "conditions of probation may impinge upon constitutional rights as long as they are not overly broad and are reasonably related to the person's rehabilitation." (Quotations omitted.) Oakley,245 Wis.2d at 469. After applying this standard of review, dubbed by the Wisconsin court as the "reasonability standard," the court concluded that the condition was not overly broad because it did not eliminate the defendant's ability to exercise his constitutional right to procreate.Id. at 474; see, also, State v. Kline (1998) 155 Ore.App. 96, 100,963 P.2d 697 (holding that a probation condition which provided that the defendant may not father a child was valid). Moreover, the defendant could satisfy the condition of probation by making efforts to support his children as required by law.
 {¶ 30} The Oakley court also found that the condition was reasonably related to the goal of rehabilitation, stating that "a condition is reasonably related to the goal of rehabilitation if it assists the convicted individual in conforming his or her conduct to the law." Id. at 475. The condition assisted in the rehabilitation of the defendant because it prevented the defendant from adding more victims if he continued to intentionally refuse to support his children. Id.
 {¶ 31} Like the condition at issue in Oakley, we find that the condition at issue in the present case is constitutional because the condition is not "overly broad and [it is] reasonably related to the person's rehabilitation." See Oakley, 245 Wis.2d at 469. The condition has satisfied the three-part Jones test. The first prong of the Jones test is that the condition must be reasonably related to the rehabilitation of the offender. Blacks Law Dictionary (7 Ed.Rev. 1999) 1290, defines "rehabilitation" as "[t]he process of seeking to improve a criminal's character and outlook so that he or she can function in society without committing other crimes." Here, the trial court ordered Appellant to make reasonable efforts to prevent procreation during the five-year period of community control. We believe that such a condition is reasonably related to rehabilitation. By imposing on Appellant the responsibility of making reasonable efforts to preclude more offspring, the trial court reduced the risk that Appellant will be unable to support his children in the future. While it is true that even if Appellant has no more children he may intentionally or recklessly reoffend against existing children, that potentiality does not undermine the justification for the present limitation on procreation. Consequently, we find that the first prong of the Jones test, a reasonable relationship to rehabilitation, has been satisfied.
 {¶ 32} We next turn to the second prong of the Jones test, and must determine whether the condition is reasonably related to the offense for which Appellant was convicted. Appellant was convicted for non-support of three of his minor children. The relationship in this case is both reasonable and direct. Appellant's ability to father children demonstrably exceeds his willingness and diligence in their support.
 {¶ 33} The third prong of the Jones test, whether the condition of community control "relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation," is essentially a restatement of the first two prongs. SeeJones, 49 Ohio St.3d at 53. As previously discussed, if Appellant has no more children during the term of his community control, it is more likely that he will be able to comply with the terms of community control, which require that he pay $75 per week for each of his three minor children. Appellant must pay approximately $900 a month or violate his community control and face an actual prison sentence.[6] If sentenced to prison, Appellant will be unable to provide any support to his children. Another child would increase Appellant's financial obligations and the risk of incarceration. Moreover, the situation could become further exacerbated if a trial court were to order him to pay child support for all of his seven children. We find that the third prong of the Jones test has been satisfied.
 {¶ 34} On the record before this Court it is clear that the three-part Jones test is satisfied. As such, we find that the community control condition that required Appellant to use reasonable efforts to avoid conception is constitutional, and therefore valid. Consequently, Appellant's sole assignment of error lacks merit.
 III. {¶ 35} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.
[1] At the sentencing hearing, Appellant testified that he had seven children. However, he was only ordered to pay child support for three of the seven children.
[2] A "community control sanction" is defined by R.C. 2929.01(F) as a sanction that is not a prison term and is described in R.C. 2929.15
(community control), R.C. 2929.16 (residential sanctions), R.C. 2929.17
(nonresidential sanctions), or R.C. 2929.18 (financial sanctions; restitution).
[3] At the conclusion of the sentencing hearing, Appellant's trial counsel properly objected to the trial court's ruling by stating: "In the meantime, I would take exception to the Court's ruling and the issue of revisiting sentencing at this time."
[4] Other courts that have applied a type of strict scrutiny review.See In re J.W. (2003), 204 Ill.2d 50, 787 N.E.2d 747,764 (holding that to be reasonable, a condition of probation must not be overly broad when viewed in the light of the desired goal or the means to that end or, in other words, "where a condition of probation requires a waiver of precious constitutional rights, the condition must be narrowly drawn; to the extent it is overbroad it is not reasonably related to the compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights." (Citations omitted.)); People v. Pointer (1984),151 Cal.App.3d 1128, 1139, 199 Cal.Rptr. 357 (holding that in addition to determining the reasonableness of a condition, a trial court must also determine whether the condition is impermissibly overbroad).
[5] Other states have also concluded that a complete bar to a defendant's right to conceive during the duration of the defendant's probation period is unconstitutional. See e.g., Trammell v. State (2001),751 N.E.2d 283, 289; State v. Mosburg (1989), 13 Kan. App. 2d 257, 260,768 P.2d 313; People v. Pointer (1984), 151 Cal.App.3d 1128, 1139,199 Cal.Rptr. 357.
[6] We note that had Appellant been sentenced to prison for his offense, his right to procreate could be constitutionally barred. Gerberv. Hickman (C.A.9, 2002) 291 F.3d 617, 623, certiorari denied (2002),123 S.Ct. 558, 154 L.Ed.2d 462 (holding that a prison inmate has no constitutional right to procreate while in prison).