JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Robert B. Turner appeals from the order of the trial court which imposed work release and home detention as part of his sentence. For the reasons set forth below, we affirm.
 {¶ 2} On September 20, 2002, defendant was indicted pursuant to a six count indictment. Counts One and Two charged him with two counts of tampering with coin machines in violation of R.C. 2911.32, both with furthermore clauses alleging that in December 1998, defendant had previously been convicted of attempted receiving stolen property. Count Three charged him with robbery, Count Four charged him with receiving stolen property and Counts Five and Six charged him with possession of criminal tools. Defendant subsequently reached a plea agreement with the state and he entered a guilty plea to the charges of tampering with coin machines, and receiving stolen property, and a reduced charge of attempted robbery. The remaining charges were dismissed.
 {¶ 3} The trial court determined that a community control sanction would adequately punish defendant and would protect the public from future crime by the defendant and others without imposing a unnecessary burden on state or local government resources. (Tr. 17). The court imposed the following sentence:
 {¶ 4} "In regards to Counts 1, 2, and 3 felony counts: The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is under the supervision of the Adult Probation Department with the following condition (s): Defendant to abide by the rules and regulations of the Probation Department; to be on work release for the first six months then to complete electronic home monitoring for six months after work release is finished. * * *"
 {¶ 5} Defendant now appeals and assigns the following error for our review:
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant when it sentenced defendant-appellant to a definite sentence of two (2) years of community control sanctions including six (six) months of work release and six (6) months of home detention and failed to review all of the statutory factors announced in R.C. 2929.12."
 {¶ 7} Defendant complains that the trial court "failed to properly focus on Mr. Turner's lack of past criminal history in ordering work release and home detention as conditions of community control."
 {¶ 8} We review a trial court's imposition of community control for compliance with the statutory sentencing scheme and the imposition of additional conditions pursuant to R.C. 2929.15(A) for an abuse of discretion. State v. Oros, Pickaway App. No. 01CA7, 2001-Ohio-2574, citing Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277, 714 N.E.2d 902. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 9} R.C. 2929.11(A) provides that in felony sentencing, the trial court must determine the appropriate sanction or sentence to be imposed based upon a consideration of the need to protect the public from future crime and the need to punish the defendant. Unless the trial court is required by law to impose or is precluded from imposing a specific sanction, it generally has the discretion to impose any sanction or sentence except that which would impose "* * * an unnecessary burden on state or local government resources." R.C. 2929.13(A). A sentencing court may choose to impose community control sanctions rather than a prison sentence if it finds on the record that a community control sanction would adequately protect the public and punish the offender and that it would not demean the seriousness of the offender's conduct. See R.C.2929.13(D)(1) and (D)(2).
 {¶ 10} The trial court has discretion to decide which community control sanctions to select as part of an offender's sentence, and to include the sanctions set forth in R.C. 2929.16, 2929.17, and 2929.18 as part of a community control sanction. State v. Lemaster, Union App. No. 14-03-04, 2003-Ohio-4415. See, also, R.C. 2929.15 and R.C. 2929.13(A).
 {¶ 11} R.C. 2929.17 lists nonresidential sanctions, including the following:
 {¶ 12} "(B) A term of electronically monitored house arrest, a term of electronic monitoring without house arrest, or a term of house arrest without electronic monitoring;
 {¶ 13} "(C) A term of community service of up to five hundred hours pursuant to division (F) of section 2951.02 of the Revised Code or, if the court determines that the offender is financially incapable of fulfilling a financial sanction described in section 2929.18 of the Revised Code, a term of community service as an alternative to a financial sanction; * * *."
 {¶ 14} Nonetheless, "the authority to impose conditions is still not limitless and those conditions may not be overly broad so as to unnecessarily impinge upon the offender's liberty." State v. Lake,150 Ohio App.3d 408, 2002-Ohio-6484, 781 N.E.2d 1053, citing State v.Jahnke (2002), 148 Ohio App.3d 77, 2002-Ohio-371, 772 N.E.2d 156.
 {¶ 15} As this court observed in State v. Bates (Nov. 2, 2000), Cuyahoga App. No. 77522:
 {¶ 16} "While the court has discretion in determining whether additional conditions are appropriate, its discretion is not limitless.Chagrin Falls v. Wallace (Mar. 2, 2000), Cuyahoga App. No. 75640, unreported. A trial court needs to consider whether the condition (1) is reasonably related to rehabilitating the offender; (2) has some relationship to the crime of which the offender was convicted; and (3) relates to conduct that is criminal or reasonably related to future criminality. See State v. Jones (1990), 49 Ohio St.3d 51, 52-53,550 N.E.2d 469; see, also, State v. Semenchuk (Aug. 10, 2000), Cuyahoga App. No. 76647, unreported; cf. State v. Sturgeon (2000),138 Ohio App.3d 882, 742 N.E.2d 730; but, see, State v. Bias (Dec. 11, 1998), Hamilton App. No. C-980165, unreported."
 {¶ 17} In Bates, the facts supporting the defendant's conviction arose from his work in the junking business. Accordingly, this court determined that prohibiting appellant from continuing in this business as a condition of his community control sanction was reasonably related not only to his rehabilitation but was also related to the crime for which he was convicted.
 {¶ 18} Applying all of the foregoing to this matter, we note, as an initial matter, that the trial court's imposition of a community control sanction justified on this record by the trial court's determination that a community control sanction would adequately punish defendant and protect the public from future crime by the defendant and others without imposing a unnecessary burden on state or local government resources. (Tr. 17). Since prison was not imposed, the trial court was not required to "impose the shortest prison term authorized for the offense" as mandated under R.C. 2929.14, as defendant's counsel appears to be arguing herein. As to the conditions of work release and home detention, defendant's trial counsel explained that the charges, which involved tampering with machines, defendant "had a screwdriver * * * and money was missing." (Tr. 16). Counsel also explained that defendant was a good candidate for probation because he had a job from December 1999 through March 2003. In light of this record, the work release and home detention conditions of community control are lawful, bear a reasonable relationship to the crimes for which defendant was convicted, and are related to the goals of deterrence and rehabilitation. They are therefore a proper component of defendant's sentence. The assignment of error is without merit.
 {¶ 19} The judgment is affirmed.
Judgment affirmed.
James J. Sweeney and Sean C. Gallagher, JJ., concur.