DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Wood County Court of Common Pleas wherein appellant, Thomas Guevara, was convicted on two counts of importuning, violations of R.C. 2907.07(C)(1) and felonies of the fourth degree. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On December 16, 2004, appellant was indicted on five counts of importuning. The indictment alleged that appellant used his cell phone to send sexually explicit text messages to a victim under the age of 13. On March 24, 2005, appellant entered guilty pleas to two counts of the indictment. The remaining three counts were dismissed.
 {¶ 3} On May 6, 2005, appellant came before the court for sentencing. The judge classified appellant a sexually oriented offender, imposed jail time and sentenced him to five years of community control. Among the conditions of his community control, the judge ordered appellant to have no contact with the victim. The judge also ordered appellant to move from his current residence and prohibited him from living within one mile of the victim. Appellant's counsel objected to the moving requirement but the judge declined to amend the condition. Appellant now appeals setting forth the following assignment of error:
 {¶ 4} "The trial court abused its discretion when it ordered appellant to move from his current address as a condition of his community control."
 {¶ 5} Pursuant to Am.Sub.S.B. No. 2, community control is the functional equivalent of and has replaced probation as a possible sentence under Ohio's felony sentencing law. State v. Talty,103 Ohio St.3d 177. A trial court's imposition of community control sanctions is reviewed for an abuse of discretion. Id. Although a trial court is granted broad discretion in imposing community control sanctions, its discretion is not limitless. Nonetheless, "the authority to impose conditions is still not limitless and those conditions may not be overly broad so as to unnecessarily impinge upon the offender's liberty." State v.Lake, 150 Ohio App.3d 408, 2002-Ohio-6484.
 {¶ 6} In State v. Jones (1990), 49 Ohio St.3d 51, 53, the Ohio Supreme Court established the following three-part test for evaluating probation conditions which is also applicable for evaluating community control conditions:
 {¶ 7} "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Citations omitted).
 {¶ 8} The record shows that appellant became enamored of his young victim, even continuing to write her letters after he was arrested, released on bond and ordered to have no contact with her. The record further shows that appellant lived close enough to the victim that he could and in fact did watch her in her bedroom from a window in his residence. In response to appellant's objection, the judge stated: "I believe that the proximity of the defendant with the victim in this case clearly is a factor leading to the offenses; and the elimination of that proximity, I think, is critically necessary to the rehabilitation of the offender.
 {¶ 9} Because appellant did not object to the condition that he have no contact with the victim or the condition that he reside at least a mile from the victim's residence; that compliance with these conditions requires appellant to move from his residence; and that given the facts of this case, specifically, the nature of the crime, the age of the victim and the fact that appellant resides within view of the victim, we find that the judge's relocation order is reasonably related to rehabilitating appellant, is directly related to the crime for which he was convicted, and is reasonably related to appellant's future criminality. Compliance with these conditions, in any event, requires appellant to move from his residence.
 {¶ 10} Appellant's sole assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., Concur.