DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jonathan Dye, appeals from the judgment of the Wadsworth Municipal Court that imposed certain conditions of probation. This Court reverses.
 I. {¶ 2} On September 18, 2006, Dye was charged with one count of theft, a violation of R.C. 2913.02(A)(1). On October 17, 2006, Dye pled no contest to the charge against him. The trial court accepted his plea and found him guilty of theft. On the same day, the trial court sentenced Dye to 180 days in jail, suspended the *Page 2 
jail term he had not previously served, fined him $150, and placed him on probation for two years. As a condition of his probation, Dye was ordered to have no contact with his fiancée, Emily Starkey, or any member of her family. Dye timely appealed from his sentence, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED, AS A CONDITION OF PROBATION OR COMMUNITY-CONTROL SANCTION, AN ORDER REQUIRING THAT DEFENDANT-APPELLANT HAVE NO CONTACT WITH HIS FIANCÉE FOR THE TWO YEAR DURATION OF HIS PROBATION IN VIOLATION OF HIS FUNDAMENTAL CONSTITUTIONAL RIGHTS."
 {¶ 3} In his sole assignment of error, Dye asserts that the trial court erred when it imposed a no contact order as a condition of his probation. This Court agrees.
 {¶ 4} A trial court has broad discretion in imposing conditions of probation. Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277. As such, the imposition of these conditions are reviewed under an abuse of discretion standard. State v. Talty, 103 Ohio St.3d 177, 2004-Ohio-4888, at ¶ 10. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983, 5 Ohio St.3d 217, 219. *Page 3 
 {¶ 5} The reasonableness of probation conditions must be evaluated using the three-prong test set forth in State v. Jones (1990),49 Ohio St.3d 51, 53. As such, this Court should
 "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id.
 {¶ 6} In its sentencing entry, the trial court ordered that Dye have no contact with his fiancée or any member of her family during his two-year term of probation. The trial court's chosen condition of probation does not satisfy the three-prong test set forth inJones.
 {¶ 7} Dye pled no contest to a charge of theft. There is nothing in the record to suggest that Dye's relationship with Ms. Starkey contributed to his criminal behavior. As such, the trial court's no contact condition cannot be said to be reasonably related to rehabilitating Dye. Moreover, there is nothing in the record to suggest that Ms. Starkey contributed in any manner to the commission of the theft offense. The trial court's condition, therefore, cannot be said to have a relationship to Dye's conviction. As our sister court in the Tenth District concluded under substantially similar circumstances, "[i]t is unlikely that the relationship that exists between appellant and [his fianc´e] was the contributing factor in appellant's committing the offense." State v. Jahnke (2002), 148 Ohio App.3d 77, 80-81. Finally, there is nothing in the record to support a conclusion *Page 4 
that Dye's personal relationship with Ms. Starkey is reasonably related to future criminality.
 {¶ 8} The sole support for the trial court's judgment appears to demonstrate that Ms. Starkey's family does not approve of her relationship with Dye.
 "[M]y Probation Department received some contact from the Starkey family, that feel part of their daughter's problem is because of you. * * * I don't have any substantiation of that." (Emphasis added.)
From its own statements, the trial court had no basis to believe that Dye's relationship with Starkey played any role in his theft offense or in Starkey's criminal problems.[1] This Court concludes, therefore, that the probation condition imposed by the trial court was unreasonable. See Jahnke, 148 Ohio App.3d at 81 (reversing a provision that prohibited the defendant from contacting his fiancée that resulted from his conviction for the unauthorized use of a motor vehicle). Dye's sole assignment of error is sustained.
 III. {¶ 9} Dye's sole assignment of error is sustained. The judgment of the Wadsworth Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion. *Page 5 
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
SLABY, P. J. MOORE, J. CONCUR
[1] We also note that there is nothing in the record to suggest that Ms. Starkey or her family was the victim of Dye's theft offense. *Page 1